## SHERIDAN COAL COMPANY v. H. S. HARNES-BERGER
(No. 1668; September 21, 1931; 3 Pac. (2d) 80)

For the appellant there was a brief by *T. S. Taliaferro, Jr.,* and *Arthur Lee Taliaferro,* of Rock Springs, Wyoming, and an oral argument by *Mr. T. S. Taliaferro.*

For the respondent there was a brief by *H. S. Harnes-berger,* of Lander, Wyoming.

*T. S. Taliaferro,* in reply.

KIMBALL, Chief Justice.

January 15, 1929, the judge of the District Court of Fremont County made an order appointing H. S. Harnesberger District Court Commissioner, and providing "that the said H. S. Harnesberger be, and he hereby is, appointed as the official investigator to act in the name of the court in investigation of all matters under the Workmen's Compensation Law." At the same time, or previously, the court prescribed a "fee schedule," as follows:

"Order to physician or hospital,               $2.00
Order to employee                         3.00
    (In case there is only an order to physician or hospital, and none to employee, $3.00 is allowed for physician and hospital bill.)
Investigation of case, not over            3.00
    (This charge depends on the amount of work required.)
For investigation, at least a charge of       1.00
    That is, if three letters are written. If more than three letters are written, 25c additional charge for each letter can be made."

In March, 1930, Mr. Harnesberger presented his claim for services in four cases of accidents reported by the Sheridan Coal Company, as employer, pursuant to the Workmen's Compensation Law. The claim was itemized as follows:

| "Employee | Services | Charges | Totals |
|---|---|---|---|
| Mike Sabo | Inves. and 14 letters | 4.50 | |
| | 3 employee's orders | 9.00 | |
| | 1 special hospital order | 3.00 | |
| | 1 special doctor order | 3.00 | $19.50 |
| Pete Svilar | Inves. and 5 letters | 2.25 | |
| | 1 Doctor order | 2.00 | |
| | Order of Dismissal | 3.00 | 7.25 |
| Andy Karol | Inves. and 6 letters | 2.50 | |
| | 2 employee's orders | 6.00 | |
| | 1 Hospital order | 2.00 | 10.50 |
| Pete Sevanovich | Investigation | 1.00 | |
| | Order of Dismissal | 3.00 | 4.00 |
| | TOTAL | | $41.25" |

The employer was notified of the claim, and filed a "protest." The claim and protest were heard as a contested matter by the court. Following the hearing, the court entered an order overruling the employer's protest and allowing the claim. The employer appeals.

The Workmen's Compensation Act provides that, whenever any injury or death is reported to the clerk of the District Court, it shall be the duty of the clerk to notify the judge. It is then the duty of the judge "to investigate the nature of said injury and claim for compensation at the earliest possible date, in such manner as he may deem necessary to ascertain whether the claim for compensation or the amount thereof is disputed by the employer," and if there be no dispute, as to the right to compensation, or as to the amount thereof, "and the claim appear to be free from collusion," he shall make an order directing payment "in accordance with the facts by him ascertained" and the terms of the law. § 4327, Wyo. C. S. 1920. The same sec-

tion contains provisions limiting the costs that may be taxed. No costs are taxable for the services of the clerk, the court reporter, or the county attorney or other attorney appointed to act in behalf of the workman in the examination of witnesses. Another section (4340, as amended by ch. 138, § 8, Laws of 1921) makes it the duty of the county attorney without charge to advise and assist workmen in making claims for compensation.

Section 4330, amended by ch. 65, Laws of 1921, refers to "awards, claims and items of expense chargeable against the Industrial Accident Fund," and provides, among other things, that "all contingent expense incurred in preparing for and in the administration of this act" shall be paid from said fund.

Section 4331, amended by Section 2, ch. 111, Laws of 1927, provides for charging against the employer all warrants "in payment for investigations of accidents of such employer, or in payment of investigations of injuries to his employees."

Section 9, ch. 124, Laws of 1925, provides that every award "is a judicial determination of the rights of employer, employee and the Industrial Accident Fund as to all matters involved." And "no award of compensation or allowance of any expense or claim chargeable against the account of any employer * * * shall be made without notice to such employer and hearing unless such employer shall consent thereto."

The claimant does not contend that his claim contains any items showing services that should be allowed as "contingent expenses" mentioned in Section 4330, supra. He bases his claim on the provisions that permit payment of expenses of investigations.

In the administration of the compensation law, it has long been assumed, and we think properly, that the judge of the District Court, in investigating claims "in such manner as he may deem necessary," may have the aid of assistants who are entitled to receive, as expenses of investiga-

tion, compensation for their services. The public reports of the Workmen's Compensation Department show that such expenses of investigation have been incurred and paid in many cases in each judicial district. In the absence of definite statutory regulation of the practice, questions as to the necessity of employing assistants in the investigation of claims must be left largely to the discretion of the judge, and the amount to be paid to such assistants should not exceed the reasonable value of the services performed, keeping in mind the evident purpose that the law shall be administered as economically as possible.

It appears from the evidence that in Fremont County, under the order of January 15, 1929, every report of accident and claim for compensation is referred to the "official investigator," who charges for his services fees in accordance with the fee schedule.

From the report of the Workmen's Compensation Department for the year 1930, we learn that expenses were incurred in investigations in 1196 cases, less than half the total number of reported accidents. 15th Report of Workmen's Comp. Dept., pp. 14 and 17. Unfortunately, the report does not show these expenses by counties, but only by judicial districts. Fremont with one other county is in the ninth district. In that district there were 97 investigations at the total expense of $1479, an average of $15.20 a case. The total as well as the average expense of investigations in the ninth district was greater than in any other district. In one district there were 301 investigations at the total expense of $1379; in another, 213 investigations of the total expense of $993; in another, 251 investigations at the total expense of $827. The average expense of $15.20 in the ninth district was not approached. The next highest average was $8.20 in a district in which 69 cases were investigated at a total expense of $578. The lowest district average expense was $3.30. The total expense of 1196 investigations throughout the state was $6819, an average of $5.70. The total number of new accidents reported in

1930 was 2391. If each accident had resulted in at least one investigation, as under the practice in Fremont County, and the average expense had been equal to the average for the ninth district, the total would have been startling.

We realize that the above figures taken from the cited departmental report might be subject to explanation. The report was not before the trial court at the hearing. We may, however, notice it as an official document prepared under public authority and printed at public expense. Bunten v. Rock Springs Grazing Assn., 29 Wyo. 461, 489, 215 Pac. 244, 253. We do not refer to the report as showing conclusively that the investigations in the case at bar were unnecessary or the charges therefor unreasonable. But we do think the noticed figures show at least the probability that investigations made and paid for under the practice followed in the case at bar will result in injustice to employers and the state who are interested in the economical administration of the law.

We do not think the law authorizes the appointment of an "official investigator" to whom every case or claim is automatically referred and who is paid fees fixed in advance by a fee schedule, as in the case at bar. Such a practice cannot be approved. It does not follow that the respondent is entitled to no compensation for his services, but it cannot be presumed in his favor either that the services were necessary or that the charges based on the fee schedule were reasonable. After objection by the employer, respondent should have been required at the hearing to assume the burden of proving both the necessity of the investigations and the reasonableness of his charges. The hearing was had on a different theory. At the beginning, respondent made this suggestion:

"When an employer requests a hearing on the matter of making any award, to anyone, for any purpose, it then becomes a burden upon that employer to show cause why the award should not be made. As an investigator in these matters, I have already made a report to the Court, that the

award which I ask the court to sign, and make valid by his order, is proper. It is now incumbent upon the Coal Company, or employer, to come in and show that there is a reason why the award should not be made."

The court then said he presumed that was the procedure, and the hearing was had in accordance with respondent's suggestion. The respondent evidently was given the benefit of the claimed presumption, and the employer required to assume the burden of proof. This, we think, was error for which the order appealed from must be reversed and the case remanded for a new trial.

*Reversed and Remanded.*

BLUME and RINER, JJ., concur.