**BLACK WATCH FARMS, Appellant**
(Employer below),

v.

**Charles K. BALDWIN, Appellee**
(Employee below).

**No. 3860.**

Supreme Court of Wyoming.

Sept. 10, 1970.

Joseph F. Maier, Torrington, for appellant.

John O. Callahan, Torrington, for appellee.

Before GRAY, C. J., and McINTYRE, PARKER and McEWAN, JJ.

Justice McINTYRE delivered the opinion of the court.

This matter is before us on an appeal from an order of the district court in Goshen County pertaining to workmen's compensation.

The employer, Black Watch Farms, filed written objections to an award claimed by Charles K. Baldwin, employee. Trial was had to the court without a jury. The court ordered the Workmen's Compensation Department to pay all claims for medicine and drugs and monthly compensation at the rate of $275 per month to the date of the hearing, plus mileage incurred by the employee. It was ordered that the court retain jurisdiction of the matter for further consideration and disposition. The employer has appealed.

Baldwin was injured July 8, 1968 while doing general ranch work for employer. A bull charged a metal gate and pushed the gate against the employee's leg while he was astride a horse. The accident caused a bruising of the leg resulting in a hematoma on the right leg below the knee. The hematoma was treated by Dr. Keenan in a hospital at Torrington and Baldwin was under Keenan's care for about a month.

At the instance of Dr. Keenan, Baldwin was examined by Dr. Kline, an orthopedic surgeon in Cheyenne. Dr. Keenan testified Dr. Kline reported he could find no reason for the pain Baldwin complained of. An order was entered December 2, 1968 permitting Baldwin to change physicians and to engage the professional services of Dr. Oliver E. K. Hall of Grand Junction, Colo-

rado, for a period not to exceed 60 days from the date of the order.

The record discloses that Dr. Hall's first report and fee bill showed the nature and extent of injuries to be "Sprain lumbosacral spine and right hip, ruptured lumbar disc." The next report showed Hall had performed surgery on the employee. This report stated a laminectomy was performed at L4-5, at which level a myelogram had revealed a large filling defect; that part of the spinous process of L4 and L5 was excised along with the interspinous ligament and ligamentum flavum; that nerve roots were explored as was the spinal canal; and that no retropulsed disc was encountered.

Despite the 60-day limitation in the order authorizing treatment by Dr. Hall, periodic reports were submitted by Dr. Hall up to the time of the hearing. These reports purported to certify that the employee continued to be disabled; and in the meantime Baldwin continued to claim and receive temporary total disability up to the time of hearing.

Finally, at the end of seven months after the order authorizing the employee to obtain the services of Dr. Hall for 60 days, the employer filed its written objections to further awards of medical payments or compensation. It was another three months before a hearing was held.

The testimony of Baldwin at the court hearing revealed that, prior to his accident at the Black Watch ranch, he had a leg injury in the ankle requiring an operation; that he had double hernia in 1962; that he had a neck injury resulting in an operation on his spinal column or vertebrae at the top portion of his neck; that he fell on a cement floor, possibly in 1962; that he had a shoulder injury but had it fixed while rodeoing; and that he received an injury from wrestling in 1953, which resulted in a blocked vertebrae first and then a second vertebrae.

As a result of the employer requesting an examination by an impartial physician, Baldwin was examined by Dr. B. B. Johnson, an orthopedic surgeon in Colorado where Baldwin was living. Within a few days after Dr. Johnson's report was filed, the employer filed its written objections.

One of the points urged by Black Watch on appeal is that the employer was entitled to have the payment of temporary total disability discontinued and the ascertainment of permanent partial disability, if any, made.

We find the evidence adduced at the court hearing insufficient to show Baldwin entitled to temporary total disability compensation at the time of the hearing. It would appear, then, that appellant's position on this point has merit and that the case will have to be remanded for a determination of whether there is permanent partial disability resulting from the accident in question. If so, the extent of such disability would of course need to be determined.

### Burden of Proof

■ Although parties have not discussed the matter, we deem it important to point out that the burden is on a claimant of workmen's compensation benefits to show that he is entitled to an award of compensation. Jennings v. C. M. & W. Drilling Company, 77 Wyo. 69, 307 P.2d 122, 123–124; Bemis v. Texaco, Inc., Wyo., 400 P.2d 529, 531; In re Hardison, Wyo., 429 P.2d 320, 322; Sheridan Coal Co. v. Harnsberger, 43 Wyo. 226, 3 P.2d 80, 82; Associated Seed Growers, Inc. v. Scrogham, 52 Wyo. 232, 73 P.2d 300, 307.

It will help to understand the burden of proof if we keep in mind that what was being heard by the court was Baldwin's claim for monthly temporary total disability benefits and the employer's objection to further awards for temporary total disability.

It is understandable that such awards are made monthly on the strength of a physician's report and certification that the workman is still totally disabled—if there is no objection on the part of employer. Section 27–114, W.S.1957, C.1967, makes it clear, if there be a dispute as to the right of the injured employee to receive compen-

sation, or as to the amount thereof, then it is the duty of the judge to set the case down for hearing at the earliest possible date.

■ Appellee misconstrues the effect of this section. He assumes the claims of the workman and the reports of his physician are evidence in the case. In support of his position, he points to the following provision:

"The hearing shall be conducted upon the statement and report filed by the employer, and such formal claims as may be presented and filed with the clerk of the district court by or on behalf of the injured workman."

The language quoted does not include reports of physicians, but the important thing about the provision is that the claim of the workman and the statement and report of the employer make up the issues. Hearing is had on them in the sense in which trial is had on pleadings in other cases. This was made clear in Stanolind Oil & Gas Co. v. Harvey, 52 Wyo. 349, 75 P.2d 1, 3, where this court said claim and reports in compensation cases take the place of pleadings and should be liberally construed.

In Holm v. State, Wyo., 404 P.2d 740, 743, the phrase "and shall not be bound by the rules of evidence" was considered unconstitutional when there appeared to be an attempt on the part of the legislature to prescribe trial procedures which would deny due process of law. Appellee's construction of § 27–114 would lead to the same result if it were adopted.

Section 27–115, W.S.1957, C.1967, provides for trial in cases where the employer alleges injury was due solely to the culpable negligence of the injured employee. It is specified in the section that the "taking of evidence shall be summary." However, in Jennings v. C. M. & W. Drilling Company, 77 Wyo. 69, 307 P.2d 122, 126, it was said "summary proceeding" does not include the admissibility of incompetent testimony.

### What Was The Evidence?

There is in the record sent to us a letter from Dr. Oliver E. K. Hall, dated October 3, 1969, four days before the hearing. It states it is the belief of Dr. Hall

"that the patient's present symptoms are due to complications of his injury and surgery, namely arachnoiditis. Medications were admittedly a problem but less of a problem now. Again, this was not the patient's fault but was a complication of his injuries and the pain caused by them."

■ Neither this letter nor any of Dr. Hall's reports were offered or received in evidence. They were clearly inadmissible because they were not subject to cross-examination. In the *Holm* case, at 404 P. 2d 744, we said one of the most basic elements of due process is the right of each party to be apprised of all the evidence upon which an issue is to be decided; and this includes the right to hear and cross-examine witnesses.

The only testimony at the hearing was that of the employee, together with medical testimony by Dr. Johnson and Dr. Keenan. Neither of these two doctors were able to find any physical or objective reasons for the claimed disability of Baldwin. Dr. Keenan testified he found nothing that in his opinion would be disabling beyond the few weeks Baldwin was under his care.

Dr. Johnson's testimony was to the effect that Baldwin had no physical injury or trauma or disease; and that his subjective complaints of pain are either contrived or are an hysterical manifestation not founded in nor growing from any objective or physical symptoms. There was a total absence of medical testimony to connect or relate Baldwin's present complaints and claims of pain to the injury received at the Black Watch ranch.

In Ludlow v. Wortham Machinery Co., 71 Wyo. 331, 257 P.2d 358, 363, the crucial question was whether pain in the claimant's back was due to an accident on the job or to a congenital defect. The court

made it clear medical testimony was essential in reaching a correct disposition of the appeal.

█ Inasmuch as Baldwin received an injury to his leg below the knee and complains of great pain in his back, we deem medical scientific knowledge essential to a correct solution of the problem we are dealing with. None was offered at the hearing to support the workman's claim. We cannot speculate and indulge in the possibility of a causal connection between the present pain claimed by Baldwin and the injury he received in his employment. See Bocek v. City of Sheridan, Wyo., 432 P.2d 893, 894–895; and Ludlow v. Wortham Machinery Co., 71 Wyo. 331, 257 P.2d 358, 363.

█ Although Baldwin testified he has not been able to work since his accident, he has not attempted to explain how the pain and disability he claims to have in his back can be or is connected to the injury received 15 months prior to the court hearing. Of equal importance is the fact that Baldwin fails to suggest or show that the disability he claims is temporary.

From January 1969 to the time of the hearing in October 1969, Baldwin testified he received almost daily injections, and sometimes two or three per day, of various pain relieving drugs including Vistaril and Demerol. The medication was strictly for pain and nothing else. Baldwin testified he is trying to cut down on the amount.

Typical of Baldwin's testimony is the following:

"Q. Since you have reduced your shots down to one a day, does your condition seem to be improving, pain getting easier? A. No, my back still hurts and it hurts bad."

There is nothing in the record to show that Baldwin is receiving any treatment except for pain. Nobody, including Baldwin himself, has suggested his disability is temporary, or that his condition will improve with time. In the absence of proof that something is expected to cause his condition to improve, he cannot be said to be in a state of temporary total disability.

Section 27–79, W.S.1957, C.1967, defines temporary total disability as an injury which temporarily incapacitates the workman, "but from which injury such person may be able to resume work." Even if we considered the reports of Dr. Hall, we would have to say they too are insufficient to prove a temporary total disability as defined by § 27–79. They fail to indicate when Baldwin can return to work, or if he ever can.

The case must be remanded for further proceedings to determine whether Baldwin has any permanent partial disability which is compensable by reason of resulting from the accident here involved. If there is such disability, the extent thereof must also be determined.

Reversed and remanded accordingly.