**WYOMING STEEL & FAB, INC.,**
Appellant (Respondent),

v.

**Roger ROBLES, Appellee (Petitioner).**

No. 93–154.

Supreme Court of Wyoming.

Oct. 7, 1994.

Richard Mathey, Reese & Mathey, Green River, for appellant.

Michael J. Finn, Rock Springs, for appellee.

Before GOLDEN, C.J., and THOMAS, MACY and TAYLOR, JJ., and CARDINE, J.,* Retired.

THOMAS, Justice.

The concern in this case is with the proper approach to judicial review when an administrative agency has ruled a party to a contested case hearing has failed to meet that party's burden of proof. In this worker's compensation case, the administrative hearing examiner ruled the injured workman had failed to meet his assigned burden of proof to establish the injury was work related. In a judicial review proceeding, the district court held the administrative agency had erred in failing to award worker's compensation benefits because there was substantial evidence in the record to demonstrate the injury was work related. The district court reversed the order of the administrative hearing examiner and ordered payment of the claimed benefits. We hold the district court erred by weighing the evidence, which is the agency prerogative, and the decision of the district court is reversed with instructions to affirm the decision of the administrative hearing examiner.

Wyoming Steel & Fab, Inc. (Wyoming Steel) in its Brief of Appellant offers these issues for resolution:

1. Were the correct standards of review properly applied by the District Court when it decided Appellee's Petition for Review from the Administrative Law Judge's ruling?

2. Applying the correct standards of appellate review, should the Administrative Law Judge's ruling be affirmed?

Roger Robles (Robles) in his Brief of Appellee defines only a single issue, which he states to be:

1. After hearing the trial of this matter, did the Office of Administrative Hearings ignore, overlook, or misinterpret relevant medical evidence which a reasonable mind might accept as adequate to support the injured employee's claims for workers' compensation benefits?

Robles had suffered two serious injuries to his back: the first in 1985 while he was employed with L.M. Olsen; and the second in 1986 when he endeavored to pick up a motorcycle. On October 8, 1991, Robles was hired as a welder at Wyoming Steel. About a month later, on November 5, 1991, Robles hurt his back while at work. He was unable to continue working at his job, and he sought medical assistance from Dr. Joseph J. Oliver (Oliver). Oliver's diagnosis of Robles' medical condition was that he suffered from unilateral spondylolysis without spondylolisthesis. Oliver's medical records contained no information relating to any previous back injuries suffered by Robles. After treating Robles, Oliver released him to allow him to return to his regular work on November 20, 1991.

Robles applied for benefits under the Wyoming Worker's Compensation Act and received medical expenses and temporary total disability benefits for this injury from No-

* Retired July 6, 1994.

vember 5, 1991 to November 20, 1991. Wyoming Steel did not object to the payment of these benefits and, in effect, conceded the November 5, 1991 injury was job related.

On December 7, 1991, Robles was attempting to clean out a clogged drain at his home. When he stood up from a squatting position, he suffered a recurrence of the back symptoms he had been experiencing. Ten days later, Robles applied for additional worker's compensation benefits. He sought medical expenses and lost wages due to temporary total disability from December 7 to December 31, 1991. Both the Workers' Compensation Division and Wyoming Steel objected to Robles' claim for these benefits. A contested case hearing then was conducted before the Office of Administrative Hearings with respect to Robles' additional claim for benefits, and the administrative hearing examiner determined the medical evidence presented was insufficient to justify a conclusion that the injury sustained at Robles' home on December 7, 1991 was a result of the job-related injury on November 5, 1991. The additional claim for benefits under the Worker's Compensation Act was denied.

Robles then pursued judicial review of the agency determination. The district court issued an Order Awarding Benefits and Remanding Case. The crux of the district court's justification for its order is found in its ruling that the administrative judge "ignored, overlooked, or misinterpreted the relevant evidence which a reasonable mind should have accepted as adequate to support the conclusion that the Claimant's back injury suffered on December 7, 1991, was related to, derived from, or arose out of the work related injury which had occurred on November 5, 1991." Wyoming Steel appealed from the order of the district court.

■■■ When review of an administrative order is sought, we are not compelled to accept any of the conclusions reached by the district court. Instead, our review is accomplished as if the case had come directly to this court from the agency. *Mekss v. Wyoming Girls' Sch., State of Wyoming,* 813 P.2d 185 (Wyo.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 872, 116 L.Ed.2d 777 (1992). In contested cases conducted before administra-

tive agencies, the deference that normally is accorded the findings of fact by a trial court is extended to the administrative agency, and we do not adjust the decision of the agency unless it is clearly contrary to the overwhelming weight of the evidence on record. *Mekss; State ex rel. Wyoming Workers' Compensation Div. v. Brown,* 805 P.2d 830 (Wyo.1991). This is so because, in such an instance, the administrative body is the trier of fact and has the duty to weigh the evidence and determine the credibility of witnesses. *Gilmore v. Oil and Gas Conservation Comm'n,* 642 P.2d 773 (Wyo.1982).

Robles, as the plaintiff, had to assume the burden of proof in the contested case hearing, and that burden included an obligation to demonstrate the injury to his back on December 7, 1991 was attributable to the job-related injury, which he suffered on November 5, 1991. As to the burden of proof in workmen's compensation cases, we have said:

> [W]e deem it important to point out that the burden is on a claimant of workmen's compensation benefits to show that he is entitled to an award of compensation. *Jennings v. C.M. & W. Drilling Company,* 77 Wyo. 69, 307 P.2d 122, 123–124; *Bemis v. Texaco, Inc.,* Wyo., 400 P.2d 529, 531; *In re Hardison,* Wyo., 429 P.2d 320, 322; *Sheridan Coal Co. v. Harnsberger,* 43 Wyo. 226, 3 P.2d 80, 82; *Associated Seed Growers, Inc. v. Scrogham,* 52 Wyo. 232, 73 P.2d 300, 307.

*Black Watch Farms v. Baldwin,* 474 P.2d 297, 298 (Wyo.1970).

■■■ Wyoming Steel suggests this question is a novel one because we have not articulated a rule with respect to the process of judicial review of an agency finding the party charged with the burden of proof has failed to meet that burden. While Wyoming Steel may be correct in this position with respect to a concrete statement of a rule, we are satisfied the resolution of the issue is preordained by well-established rules. With respect to an affirmative ruling by an administrative agency in a workmen's compensation case, we summarized the rule in *Sinclair Trucking v. Bailey,* 848 P.2d 1349, 1351 (Wyo.1993), as follows:

Our standard for reviewing findings of fact made in an administrative worker's compensation hearing is well settled. If, after examining the entire record, we find substantial evidence to support the agency's finding, we will not substitute our own judgment for that of the agency. Instead, we will uphold the agency's finding. Substantial evidence is relevant evidence which a reasonable person might accept as supporting the agency finding. *Aanenson v. State of Wyoming ex rel. Wyoming Worker's Compensation Division,* 842 P.2d 1077, 1079 (Wyo.1992). In addition, we examine only the evidence which favors the prevailing party, allowing every favorable inference, while omitting consideration of any conflicting evidence. *Matter of Injury to Carpenter,* 736 P.2d 311, 312 (Wyo. 1987).

To the same effect are *Jaqua v. State ex rel. Wyoming Workers' Compensation Div.,* 873 P.2d 1219, 1220–21 (Wyo.1994); *Bearden v. State ex rel. Wyoming Workers' Compensation Div.,* 868 P.2d 268, 269 (Wyo.1994); *Romero v. Davy McKee Corp.,* 854 P.2d 59, 61 (Wyo.1993); and *Matter of Farman,* 841 P.2d 99, 102 (Wyo.1992). This is the applicable standard under which Wyo.Stat. § 16–3–114(c)(ii)(E) (1990) [1] demands that findings of fact are to be tested. This rule clearly encompasses the proposition that the reviewing court does not reweigh the evidence. On judicial review of an agency determination, the burden usually is assigned to the appellant to demonstrate that the agency's findings and conclusions are not supported by substantial evidence. *Westates Constr. Co. v. Sheridan County Sch. Dist. No. 2, Bd. of Trustees,* 719 P.2d 1366 (Wyo.1986). *Mekss,* 813 P.2d 185.

■ In this case, the agency ruled against Robles, and the district court ruled in his favor. Robles, as appellee, retains the burden of establishing the insufficiency of the evidence. *Mountain Fuel Supply Co. v. Pub. Serv. Comm'n of Wyoming,* 662 P.2d 878 (Wyo.1983); *Bd. of Trustees of Sch. Dist. No. 4, Big Horn County v. Colwell,* 611 P.2d 427 (Wyo.1980); *Bd. of Trustees, Laramie County Sch. Dist. No. 1 v. Spiegel,* 549 P.2d 1161 (Wyo.1976). In both *Spiegel* and *Colwell,* the appellees were dismissed from teaching positions by their respective school boards. Each appellee filed a complaint in the district court. The district courts reversed the dismissal of the teachers by the school boards. On appeal to this court the appellee, in each case, was assigned the burden of establishing insufficiency of the evidence to sustain the board's decision.

■ Wyoming Steel has the initial burden of persuasion to show the district court made an error of law when it applied an improper standard or rule or reweighed the evidence and substituted its judgment for that of the agency. It also must demonstrate the administrative agency decision was justified by evidence in the record. That burden is met if Wyoming Steel can identify evidence in the record permitting a conscientious conclusion that the injury for which benefits are claimed occurred outside the work environment and was not work related.

Judicial review is provided by Wyo.Stat. § 16–3–114(c)(ii)(A):

(c) * * * The reviewing court shall:

    *     *     *     *     *     *

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law * * *.

---

**1.** Wyo.Stat. § 16–3–114(c)(ii)(E) (1990) provides:

(c) * * * The reviewing court shall:
    *     *     *     *     *     *
(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:
    *     *     *     *     *     *
(E) Unsupported by substantial evidence in a case reviewed on the record of an agency

hearing provided by statute.

Under this standard for judicial review, we focus upon an examination of the entire record. *Palmer v. Bd. of Trustees of Crook County Sch. Dist. No. 1*, 785 P.2d 1160, 1162 (Wyo.1990).

The process of review has been described in such a way that it proceeds as follows:

When reviewing a claim that an agency determination is arbitrary, capricious, and an abuse of discretion because the findings of facts are not supported by substantial evidence, we determine if there is "such relevant evidence as reasonable minds would accept as adequate to support a conclusion." *Southwest Wyoming Rehabilitation Center*, 781 P.2d [918] at 921. [ (Wyo.1989).] *Accord Beddow v. Employment Sec. Com'n. of Wyoming*, 718 P.2d 12, 14 (Wyo.1986). Our review of an agency's findings of fact and conclusions of law is simple. First, if we can find from the evidence preserved in the record a rational view for the findings of fact made by the agency, we then say the findings are supported by substantial evidence. *See Holding's Little America v. Board of County Com'rs. of Laramie County*, 670 P.2d 699, 704 (Wyo.1983). * * * Second, we ask if the conclusions of law made by the agency are in accordance with law. *Belle Fourche Pipeline Co. v. State*, 766 P.2d 537 (Wyo. 1988).

When we review agency conclusions of law, we are alert to three possibilities. The agency may correctly apply their findings of fact to the correct rule of law. *Belle Fourche Pipeline Co.*, 766 P.2d 537. In such case, the agency's conclusions are affirmed. But the agency could apply their findings of fact to the wrong rule of law or they could incorrectly apply their findings of fact to a correct rule of law. *Ballard v. Wyoming Pari–Mutuel Com'n of State of Wyoming*, 750 P.2d 286 (Wyo. 1988). * * * Our standard of review for any conclusion of law is straightforward. If the conclusion of law is in accordance with law, it is affirmed, *Casper Legion Baseball Club, Inc.*, 767 P.2d 608; if it is not, it is to be corrected. *Rocky Mountain Oil & Gas Ass'n*, 749 P.2d 221.

*Employment Sec. Comm'n of Wyoming v. W. Gas Processors, Ltd.*, 786 P.2d 866, 870–71 (Wyo.1990).

*W. Gas Processors* was a contested case in which the plaintiff requested unemployment benefits after he quit his job. The Commission allowed unemployment benefits, and the ex-employer appealed. The district court reversed. The Commission then took an appeal. This Court reversed and remanded for entry of an order to sustain the administrative agency. The character of the rulings in *W. Gas Processors* is similar to that here in *Robles*.

To this point, we have assigned Robles, the appellee, the burden of persuading this court that the findings of fact from the agency hearing lack substantial evidence for the hearing examiner to rule Robles' injury was not job related. If we find the record does contain substantial evidence to confirm the examiner's findings of facts, then Robles loses if he leaves the determination at this stage of analysis. Therefore, this court's determination must proceed on two levels. First, Wyoming Steel must show the district court used the improper standard, law, or reweighed the evidence and substituted its judgment for that of the agency. Second, Robles must proceed to show, even though the hearing examiner did have sufficient evidence to support his findings of fact, his conclusion was arbitrary, capricious, abuse of discretion, or otherwise not in accordance with the law.

If we are to affirm the district court, we will have to be able to conclude, from a review of the entire record, that the court could rule the agency decision was contrary to the evidence in discharging its function on review; the administrative hearing examiner's findings were not supported by substantial evidence; and the lower court was right in holding that the findings were not supported. This we cannot do.

The definition of a work-related injury is found in Wyo.Stat. § 27–14–102(a)(xi) (1991):

(xi) "Injury" means any harmful change in the human organism other than normal aging and includes damage to or loss of any artificial replacement and death, aris-

ing out of and in the course of employment while at work in or about the premises occupied, used or controlled by the employer and incurred while at work in places where the employer's business requires an employee's presence and which subjects the employee to extrahazardous duties incident to the business. (Emphasis added.)

In his findings of fact, the administrative hearing examiner articulated the following:

1. Mr. Robles was employed by Wyoming Steel, said employment having commenced in October, 1991. While at work on November 5, 1991, Mr. Robles injured his back. He applied for Workers Compensation benefits as a result of this injury, and without objection from Wyoming Steel, received Workers Compensation benefits including temporary total disability payments from November 5, 1991 to November 20, 1991.

2. Mr. Robles was treated by Dr. Joseph Oliver for the injury he suffered while at work on November 5, 1991. Dr. Oliver diagnosed Mr. Robles' medical problem as unilateral spondylolysis at the L–5, S–1 vertebraes without spondylolisthesis.

3. On November 19, 1991 Mr. Robles received a medical release from Dr. Joseph Oliver authorizing his return to work on November 20, 1991. On or about November 20, 1991 Mr. Robles resumed his regular duties of employment at Wyoming Steel.

4. While at home on Saturday, December 7, 1991, Mr. Robles reinjured his back. Since that date he has been under the medical supervision of Dr. Joseph Oliver, with medical services having been provided to him by Dr. Oliver and others. Mr. Robles has not been authorized by his health care providers to return to work, he has not returned to work and he continues to experience back pain and problems. He continues to be diagnosed as having spondylolysis without spondylolisthesis.

5. The medical evidence introduced at hearing was insufficient to establish a relationship between the injury sustained by Mr. Robles while at work on November 5, 1991 and the injury he sustained while at home on December 7, 1991. It cannot be concluded from the medical evidence that the December 7, 1991 injury would not have occurred if the November 5, 1991 injury had not occurred.

The conclusions of law then incorporated in the order of the administrative hearing examiner included:

2. Pursuant to applicable statutes, administrative rules and regulations and case law the burden of proof was on Mr. Robles to establish a relationship between his November 5, 1991 on-the-job injury and the injury he sustained on December 7, 1991 while at home.

3. The medical evidence introduced at the hearing was insufficient to establish a relationship between the two injuries. From the medical evidence presented it cannot be concluded that but for the November 5, 1991 injury the December 7, 1991 injury would not have occurred.

4. Employee–Claimant is not entitled to receive Workers' Compensation benefits for the injury he sustained on December 7, 1991.

Dr. Oliver's deposition was presented to the administrative hearing examiner. In his testimony, the following information appears:

A. I think this [injury] can be viewed two ways. I view this as a preexisting problem that was aggravated by this injury that he [Robles] sustained at work. I think when he was referred to Dr. Santora, he couldn't tell—based on the letter I received from him—couldn't tell if it was old or new.

You can have a traumatic spondylolysis, which this indeed may be, where you have an actual break in the pars or the connection between the facets. So that is indeed a possibility, that the injury sustained at work could have caused this, or it could have aggravated it if it was already there.

Q. So would it be fair to say that this was definitely a preexisting condition?

A. Definitely? I don't think you can say definitely it was a preexisting condition.

Q. Can you say it was with a reasonable degree of medical probability?

A. I would think—I would think—I don't think you can even say that. I think it's a

probability that it could have been. I felt that it was preexisting and the injury aggravated it and caused it to be symptomatic, which is entirely possible, and that's usually how these things come about; but on the other hand, it could have been an acute spondylolysis or a fracture of that area and his symptoms could be related to an acute injury—a fracture of that area at that time.

Q. So if it was a preexisting condition, can you say with a reasonable degree of medical probability that his condition on that day was, was caused by an aggravation that was work-related?

A. I took that position that it was work-related, based on aggravation of a preexisting problem.

Q. Can you state that that's the case with a reasonable degree of medical probability?

A. You got to have a few more tests to tell that, okay?

Later, Dr. Oliver testified:

Q. * * * What if he [Robles] had been cleaning out his sewers at home with a sewer snake and the sewer snake got caught and he was tugging on it; could that be a possible re-aggravation?

A. Turning over in bed can be a re-aggravation too. I think anything—doing the types of work and activities that he does, whether they be at work or at home, yeah, it could aggravate it.

Q. Could that aggravation have occurred on, on or about the 12th [sic] of December, even if he had not been injured in early November?

A. That's—I can't answer that.

\* \* \* \* \* \*

A. You're asking me to look in a crystal ball and I can't do that.

This testimony is equivocal. In this regard the case is not substantially distinguishable from *Baros v. State ex rel. Wyoming Workers' Compensation Div.*, 834 P.2d 1143 (Wyo.1992), in which the hearing examiner had conflicting reports from two physicians. On the basis of medical tests conducted at the time of the injuries, Oliver could not state

with certainty, either from his records and observations or from the report from the consulting physician, that the job-related injury was the cause of the later injury at Robles' home. Further examination of the evidence favoring Wyoming Steel, and extending to that evidence every favorable inference while admitting consideration of conflicting evidence, demonstrates Dr. Oliver's information was limited because Robles hadn't related to him the existence of a history of preexisting conditions. The information available to the doctor was further limited because Robles did not relate the recurrence of the symptoms to working on a bathtub drain at his home. The doctor assumed Robles' condition was deteriorating because of the performance of normal duties connected with his employment. Furthermore, the doctor did testify spondylolysis can be aggravated at any time from various causes.

Succinctly, the choice that confronted the hearing examiner was whether the recurrence of Robles' symptoms on December 7, 1991 was a continuation of the job-related injury on November 5, 1991 or whether those symptoms were the product of the activities that Robles engaged in when clearing his bathroom drain. The hearing examiner was not satisfied by the evidence presented that Robles had established the first hypothesis. If the hearing examiner had adopted the second hypothesis, sufficient evidence exists in the record to justify such a conclusion, but the decision is the prerogative of the finder of fact, the hearing examiner. The decision of the district court is erroneous because it reweighed the evidence and substituted its opinion for that of the agency.

The administrative hearing examiner did not rule the injury Robles suffered at his home on December 7, 1991 was not a continuation of the November 5, 1991 job-related injury. Instead, the ruling was that, "[f]rom the medical evidence presented it cannot be concluded that but for the November 5, 1991 injury the December 7, 1991 injury would not have occurred." The administrative hearing examiner ruled Robles had failed to meet his assigned burden of proof to establish by substantial evidence that the injury he sustained at home was a continuation of the job-related

injury. That ruling necessarily encompassed a weighing of the evidence. The reviewing district court could not have reached the conclusion it did without re-weighing that same evidence. The reviewing court is foreclosed from re-weighing the evidence and, in effect, the district court inverted the normal rule by holding that, so long as there was some evidence to support the claim of the injured workman, the hearing examiner was bound to follow, and apply, that evidence.

Almost ten years ago, we stated that:

[W]orker's compensation statutes are to be liberally construed to effectuate their beneficent purpose. The purpose of such construction is to require the industry to bear the burden of industrial accidents, not the injured worker. But we cannot ignore clear statutory language and apply worker's compensation statutes to situations that do not reasonably fall within the intended ambit of such laws.

*Matter of Abas,* 701 P.2d 1153, 1156 (Wyo. 1985) (citations omitted).

This rule has been followed in *Jaqua,* 873 P.2d 1219; and *Woodman v. Grace Bomac Drilling,* 736 P.2d 313 (Wyo.1987).

This court has reaffirmed the burden of proof with respect to the existence of a causal connection between injury and course of employment. *Bearden.* We relied upon *Johnson v. State ex rel. Wyoming Worker's Compensation Div.,* 798 P.2d 323 (Wyo.1990). There is evidence from which an inference can be drawn that the December 7, 1991 injury at home was a separate event in a continuous history of back-related problems. While the contrary inference could be drawn, as the district court did, this is precisely the function that is foreclosed so far as the reviewing court is concerned.[2]

The Order Awarding Benefits and Remanding Case entered in the district court is reversed. The case is remanded to the district court for the entry of an order affirming

the decision of the Office of Administrative Hearings.

---

**2.** While the district court in this instance did remand the case to the administrative hearing officer to "enter an appropriate order awarding benefits," the effect is not any different from the

award of affirmative relief this court held to be inappropriate in *State ex rel. Wyoming Workers' Compensation Div. v. Hollister,* 794 P.2d 886 (Wyo.1990).