Sherry M. BOHREN, Appellant (Petitioner Employee–Claimant),

v.

STATE of Wyoming, ex rel., WYOMING WORKER'S COMPENSATION DIVISION, Appellee (Respondent Objector–Defendant).

No. 93–282.

Supreme Court of Wyoming.

Oct. 20, 1994.

**356**

Clay B. Jenkins of Jenkins Law Office, Sheridan, for appellant.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., Kenneth E. Spurrier, Sr. Asst. Atty. Gen. and Anthony T. Wendtland, Sp. Asst. Atty. Gen., for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

LEHMAN, Justice.

Sherry Bohren (Bohren) appeals from the denial of a modification of her physical impairment rating, claiming that her current rating does not adequately encompass psychological damage arising out of her injury.

We affirm the denial.

Bohren sets out four issues for our consideration:

A. Did Ms. Bohren prove a psychological injury due to chronic pain?

B. Did Ms. Bohren's 8% award adequately compensate her for this psychological injury?

C. Is the Hearing Examiner's internally inconsistent decision that, on the one hand, the 8% award had compensated her for chronic pain, and on the other hand she "failed to prove" any psychiatric impairment contrary to the evidence?

D. Are there procedural reasons to deny Ms. Bohren's claim sufficient to overcome the doctrine of liberal interpretation?

The Worker's Compensation Division (Division) manages to condense the issues to one:

Whether the decision of the hearing officer, denying additional benefits for permanent partial disability, was in accordance with law and was supported by substantial evidence?

## I. FACTS

Bohren was an employee of Westview Health Care Center when, on November 21, 1991, she suffered a work related injury to her right hip. Bohren was given an eight percent whole body permanent partial disability impairment rating. The basis of the rating was chronic pain the injury was causing and a limited range of motion in the injured area. Bohren accepted the award payments sent to her until the award was exhausted in April of 1993.

In October 1992, Bohren objected to the award, claiming that it did not adequately

compensate her for the injury. On November 19, 1992, Bohren's attorney filed an "Application for Additional Benefits" under W.S. 27–14–605.[1] Bohren applied for an additional 40 percent permanent partial disability rating based on her chronic pain and associated depression.

A hearing was held before a hearing examiner on August 5, 1993. At the hearing, a psychiatrist, Dr. Murphy, testified that the chronic pain had resulted in an impairment of 60 percent to Bohren and that she was unable to do any work. However, Dr. Murphy concluded that Bohren did not suffer from any "significant psychiatric disorder."

Bohren also called as a witness Dr. Leugers, a psychologist, who admitted he was not a physician licensed to practice medicine under Wyoming law. Dr. Leugers opined that Bohren was suffering from chronic pain syndrome and depression. Dr. Leugers, however, had last seen Bohren in November 1992, and he could not testify as to her condition at the time of the trial in August of 1993.

The Division offered the testimony of Kelly White (White), a vocational expert. White opined that there was no or little loss in earnings potential to Bohren. White based her opinion on Bohren's medical and work history, education and the relevant job market. Bohren did not object to White's "Vocational Assessment" or obtain a second one.

The hearing examiner concluded that Bohren had failed to meet her burden of proof since she had not shown that she suffered from a permanent psychiatric injury "over and above the 8% impairment for chronic pain she has already been compensated for." The examiner found that the eight percent award "clearly compensated [Bohren] in all respects for her injury."

Bohren appealed to the district court, which certified the case to this court pursuant to W.R.A.P. 12.09.

## II. STANDARD OF REVIEW

■ As we have reiterated on innumerable occasions, we defer to hearing examiners' findings of fact since they have the duty to weigh the evidence and to determine the credibility of the witnesses. *Wyoming Steel & Fab, Inc. v. Robles,* 882 P.2d 873, 875 (Wyo.1994). Our review of findings of fact is under the substantial evidence rubric.

We examine the entire record to determine if there is substantial evidence to support an agency's findings. If the agency's decision is supported by substantial evidence, we cannot properly substitute our judgment for that of the agency, and must uphold the findings on appeal. Substantial evidence is relevant evidence which a reasonable mind might accept in support of the conclusions of the agency. It is more than a scintilla of evidence.

*Trout v. Wyoming Oil & Gas Conservation Comm'n,* 721 P.2d 1047, 1050 (Wyo.1986) (citations omitted); *see also L & H Welding and Machine Co. v. State ex rel. Wyoming Worker's Compensation Div.,* 876 P.2d 984, 987 (Wyo.1994); *Hohnholt v. Basin Elec. Power Co-op,* 784 P.2d 233, 234 (Wyo.1989).

■ The burden of proof is on the claimant seeking benefits to show that she is entitled to an award. *Robles,* 882 P.2d at 875 (*quoting Black Watch Farms v. Baldwin,* 474 P.2d 297, 298 (Wyo.1970)). When an agency has concluded that a claimant has failed to sustain its burden of proof, our review is determined by W.S. 16–3–114(c)(ii)(A) (1990):

(c) * * * The reviewing court shall:

  *   *   *   *   *   *

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law[.]

*Robles,* 882 P.2d at 876–877. Accordingly, an agency's determination that a claimant has failed to meet its burden of proof will be

---

1. Bohren seems to suggest that she did not intend to seek a modification of her award under W.S. 27–14–605, but rather she meant to appeal the eight percent rating itself. Apparently, however, she did not seek to amend her application below nor has she raised the matter as an issue on appeal. Therefore, we will assume, like the hearing examiner, that this is an action to modify an award under § 605.

reversed only if it was arbitrary, capricious, an abuse of discretion or not in accordance with law.

### III. DISCUSSION

■ Bohren's main contention is that she met her burden of proof and established a psychological injury arising out her chronic pain above and beyond the eight percent impairment originally awarded. Bohren points to the testimony of Doctors Murphy and Leugers which established that she could not work and that she suffered from depression as a result of her chronic pain. Based on that testimony and relying upon the American Medical Association's *Guides to the Evaluation of Permanent Impairment (Guide)*, Bohren contends that her permanent partial disability rating should be an additional 40 percent. Bohren's argument is that her psychological injuries are compensable under W.S. 27–14–102(a)(xi) (1991) but that the eight percent award did not take into account her psychological injury, only her physical one.

Bohren also launches an attack against the testimony of White, the vocational expert, and her opinion that Bohren did not suffer from any "significant vocational loss." Bohren asserts that White's vocational assessment is unreliable because White failed to account for Bohren's psychological injury, chronic pain and the effect of her injuries on her current transferable skills.

The Division acknowledges that if Bohren had met her burden of proof, then she would have been entitled to an award for any psychological injuries. The Division, however, asserts that Bohren failed to meet her burden because there is a complete lack of evidence in the record that at the time of trial she suffered from any injury that impaired her earnings capacity.

■ We agree with the Division and conclude that the hearing examiner did not err in finding that Bohren had failed to meet her burden of proof. The nature and extent of a disability are factual determinations to be made by the hearing examiner from the testimony and evidence. *State ex rel. Wyoming Worker's Compensation Div. v. White,* 837 P.2d 1095, 1097 (Wyo.1992). The hearing examiner determined there was no evidence that Bohren suffered from any psychiatric disorder at the date of the hearing. The examiner pointed to Dr. Murphy's statement that Bohren did not suffer from "any significant psychiatric disorder" and Dr. Leugers' deference to Dr. Murphy on that issue.

■ Bohren points to other evidence in the two doctors' testimony which, she claims, supports her assertion of an injury. This testimony includes Dr. Murphy's opinion that Bohren could not work and that her impairment was greater than eight percent. Yet, Dr. Murphy also stated:

As you know, I said that I could not find a psychiatric disorder in her. There is nothing worth diagnosing in her.

In fact, Dr. Murphy's diagnosis of an increased disability rating was based solely upon Bohren's *physical* pain from the injury. The original eight percent disability rating included an award for chronic pain. The basis of Bohren's claim below and here on appeal is that she suffers from a *psychological* injury due to the chronic pain. As we have already pointed out, there is no evidence that Bohren suffered from such an injury. In any event, Bohren was compensated for her chronic pain and limited range of motion in the injured area. That is all the *AMA Guide* calls for in setting the impairment rating. Whether chronic pain can cause an impairment greater than the limitations on range of motion is not an accepted part of the *Guide's* rating system. There is substantial evidence to support the examiner's conclusion that the doctor's testimony failed to establish an injury to Bohren.

■ Furthermore, a claimant for permanent partial disability must show: (1) the extent of the injury; (2) the disability or loss of earning power; and (3) that they are entitled to the award sought. *McCarty v. Bear Creek Uranium Co.,* 694 P.2d 93, 95 (Wyo.1985). Bohren has not only failed to show any injury above and beyond her original eight percent determination, but she has failed to demonstrate any disability or loss of earning power. White, the Division's vocational expert, testified that Bohren's earning capacity was not diminished in any way.

 

Bohren's challenge to her testimony is directed towards White's reliability and the efficacy of her methods. Those contentions are, however, questions of weight and credibility, to which we defer to the trier of fact, *i.e.*, the hearing examiner. Bohren did not challenge White's credentials as an expert, nor did she attempt to put on any testimony by her own expert. Bohren has simply failed to carry her burden of proof, and the hearing examiner did not err in so holding.

Finally, Bohren contends that the hearing examiner incorrectly applied W.S. 27–14–605(a) (1991), resulting in an enhanced burden of proof being placed upon her. Wyoming Statute 27–14–605(a) provides:

> If a determination is made in favor of or on behalf of an employee for any benefits under this act, an application may be made to the division by any party within four (4) years from the date of the last payment for additional medical and disability benefits or for a modification of the amount of benefits on the ground of increase or decrease of incapacity due solely to the injury, or upon grounds of mistake or fraud.

Essentially, Bohren argues that the hearing examiner ignored the disjunctive "or" and required her to prove both an increase of incapacity due solely to injury and mistake or fraud.

Bohren's claim is without merit. The hearing examiner's decision order clearly demonstrates that he required Bohren to prove:

1. That there has been an increase in disability; and

2. That increase is due solely to the injury.

Nowhere in the record does it appear that the examiner also required Bohren to prove a mistake or fraud in addition to the above. The examiner did not enhance Bohren's burden of proof. There was no error.

### IV.  CONCLUSION

Bohren failed to meet her burden of proof; and, accordingly, the hearing examiner correctly ruled that Bohren was not entitled to a permanent partial disability rating above that which was already awarded to her.

Affirmed.