Wesley E. MORGAN Appellant
(Petitioner)

v.

OLSTEN TEMPORARY SERVICES,
Appellee (Respondent).

No. 97–244.

Supreme Court of Wyoming.

Feb. 8, 1999.

Bernard Q. Phelan of Phelan–Watson Law Offices, Cheyenne, for Appellant.

Roger E. Shumate of Murane & Bostwick, Casper, for Appellee.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and TAYLOR,* JJ.

* Chief Justice at time of expedited conference; retired November 2, 1998.

THOMAS, Justice.

The only issue to be resolved in this case, in which the Office of Administrative Hearings (OAH) ruled that Wesley E. Morgan (Morgan) had failed to meet his burden of proof, is the claim that the decision of the hearing examiner was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. Morgan sought worker's compensation benefits for a job-related injury causing him to suffer spondylolysis, as well as spondylolisthesis, at the L5–S1 area in his spine. In the contested case hearing, Morgan relied upon his testimony and the testimony of his treating physician, an orthopedic surgeon, to sustain his claim that his injury was work related. The parties endeavor to debate the issue as one of sufficiency of the evidence, but the problem must be resolved under the arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law provision in the statute because the ruling that Morgan failed to meet his burden of proof implicates the ultimate decision of the OAH, not the sufficiency of the evidence to sustain findings of fact. We hold that the decision of the hearing examiner was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. The Order Affirming Office of Administrative Hearings' Order Denying Benefits entered in the district court is affirmed.

In the Brief of Appellant, filed on behalf of Morgan, the issues are spelled out in this way:

## I.

What is the scope of review in judicial review of administrative action in Wyoming workers' compensation cases?

## II.

In view of the presence in the record of uncontroverted medical opinion that claimant's condition was related to an injury in the course of employment, is the agency decision supported by substantial evidence in the record as a whole, or is it arbitrary, capricious and characterized by an abuse of discretion?

The issue presented on appeal is articulated in this manner in the Brief of Appellee, filed on behalf of Olsten Temporary Services (Olsten):

Was there substantial evidence to support the hearing examiner's finding that Wesley Morgan did not meet his burden of proving he was injured on the job and therefore eligible for worker[']s compensation benefits?

In *Pederson v. State ex rel. Wyoming Workers' Compensation Div.*, 939 P.2d 740, 742 (Wyo.1997), we summarized our process for reviewing a decision of the OAH when it rules that the injured worker has failed to meet the burden of proof assigned to him:

A claimant for worker's compensation benefits has the burden of proving all the essential elements of the claim by a preponderance of the evidence in the contested case hearing. *Martinez v. State ex rel. Wyoming Workers' Compensation Div.*, 917 P.2d 619, 621 (Wyo.1996). When an agency decides that the party charged with the burden of proof has failed to meet that burden, the case is reviewed under the "[a]rbitrary, capricious, an abuse of discretion or otherwise not in accordance with law" language of WYO. STAT. § 16–3–114(c)(ii) (1990). *City of Casper v. Utech*, 895 P.2d 449, 452 (Wyo.1995). On appeal the complainant * * * has the burden of proving arbitrary administrative action. *Knight v. Environmental Quality Council of State of Wyo.*, 805 P.2d 268 (Wyo.1991); *Wyoming Bancorporation v. Bonham*, 527 P.2d 432, 439 (Wyo.1974); *Marathon Oil Co. v. Welch*, 379 P.2d 832, 836 (Wyo.1963); *Whitesides v. Council of City of Cheyenne*, 78 Wyo. 80, 319 P.2d 520, 526 (1957). The agency, as the trier of fact, is charged with weighing the evidence and determining the credibility of witnesses. *Utech*, 895 P.2d at 451, and cases there cited. The deference normally accorded to the findings of fact by a trial court is extended to the administrative agency, and the agency's decision as to the facts will not be overturned unless it is clearly contrary to the overwhelming weight of the evidence. *Wyoming Steel & Fab, Inc. v. Robles*, 882 P.2d 873, 875 (Wyo.1994). Demonstrating evidentiary contradictions in the record does not establish the irrationality of the

ruling, but we do examine conflicting evidence to determine if the agency reasonably could have made its finding and order based upon all of the evidence before it. *Matter of Corman,* 909 P.2d 966, 971 (Wyo. 1996); *Knight,* 805 P.2d at 274; *Ward v. Board of Trustees of Goshen County School Dist. No. 1,* 865 P.2d 618, 623 (Wyo. 1993); *State ex rel. Wyoming Workers' Compensation Div. v. Ramsey,* 839 P.2d 936, 941 (Wyo.1992).

Morgan filed a claim for worker's compensation benefits arising out of an injury incurred while working for Olsten. He applied for employment at Olsten on June 23, 1996. On that occasion, Morgan signed a document that informed him of his responsibilities, in the event he was injured on the job, and the procedures to be followed. That document stated, in part:

> If you are injured on the job, you must report your injury to your supervisor immediately. In addition, you must notify Olsten Staffing Services of your injury and whether you will be able to return to work the following day.

Morgan's first day of work was June 25, 1996. Olsten assigned him to work at Johnson Moving and Storage under the supervision of a professional mover. Morgan's work on that day included unloading furniture, books, and boxes from one trailer and placing them in another. Morgan claimed that he slipped and fell while carrying a box of books down some steps at approximately 3:30 p.m. He noted pain in his lower back which radiated into his right leg, but he finished his shift and went home without telling his supervisor or Olsten about the slip and fall. The next day, Morgan called Olsten to request additional work, but Olsten did not have any additional assignments on that day. Morgan did not mention the slip and fall at that time.

Two days later, on June 27, 1996, Morgan had such severe pain in his lower back that he could not get out of bed in a normal manner. He managed to roll out of his bed and crawl up the stairs, and his father drove him directly to Olsten's office. He reported his injury to the customer service manager at Olsten and asked to file a worker's compensation claim. The customer service manager told Morgan to obtain treatment at Health Reach. At Health Reach, a doctor had Morgan's back x-rayed, and he diagnosed spondylolisthesis at the L5–S1 area as well as spondylolysis in the same region. The Health Reach doctor prescribed medication, and he told Morgan to return if his condition did not improve within three or four days.

Morgan's condition did not improve, and he returned on July 1, 1996, when he was referred to an orthopedic surgeon for treatment. The orthopedic surgeon assessed Morgan's condition on July 8, 1996, during his first visit. The office notes of the orthopedic surgeon relating to that visit state:

> History of Present Illness: He states that he was working for a moving company on 6/25/96. That day he was performing a significant amount of heavy lifting of furniture and boxes, and had progressive onset of back pain during the day. He denies a specific episode or lift that was the onset of his symptoms that day. * * * He states that he did have previous back x-rays in 1985. He states he was bumper skiing in the snow behind a car, and struck a parked car with his back. He was x-rayed at the Children's Hospital in Salt Lake City, but the x-rays were negative and he had no sequelae to that injury.

The orthopedic surgeon's notes for a visit one month later also included information that Morgan showed significant disc degeneration at the L5–S1 area of the spine.

On August 12, 1996, the Division of Workers' Safety and Compensation of the Department of Employment (Division) issued a final determination which authorized temporary total disability for a period of eleven days and the expense of treating a low back strain, but not a preexisting condition. Olsten objected to the award of any benefits after July 8, 1996, and the Division referred the case to the OAH for a hearing. The hearing examiner entered an Order Denying Benefits on January 6, 1997. Morgan sought judicial review of that order, and on July 22, 1997, an Order Affirming Office of Administrative Hearings' Order Denying Benefits was entered in the district court. Morgan appeals from the order of the district court.

▇▇▇▇ The primary contention by Morgan is that the decision of the hearing examiner should be set aside on the ground that it is

arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. An agency decision will not be reversed for an abuse of discretion so long as the agency considered relevant factors in making its decision and the decision is rational. *State ex rel. Wyoming Workers' Compensation Div. v. Waggener*, 946 P.2d 808, 813 (Wyo.1997). The reviewing court does not re-weigh the evidence or re-determine facts or assess the credibility of witnesses so long as the decision of the hearing examiner is based on " 'relevant evidence which a reasonable mind might accept in support of the agency's conclusions.' " *Clark v. State ex rel. Wyoming Workers' Safety and Compensation Div.*, 934 P.2d 1269, 1272 (Wyo.1997) (*quoting Matter of Workers' Compensation Claim of Fansler*, 914 P.2d 156, 158 (Wyo.1996) and *Romero v. Davy McKee Corp.*, 854 P.2d 59, 61 (Wyo. 1993)).

■ We have said, " '[the trier of fact] "[is] the sole judge of the credibility of the witnesses and [is] entitled to interpret the evidence." * * *' " *Matter of Goddard*, 914 P.2d 1233, 1238 (Wyo.1996) (*quoting Hepp v. State ex rel. Wyoming Workers' Compensation Div.*, 881 P.2d 1076, 1079 (Wyo.1994) and *Ward v. Yoder*, 355 P.2d 371, 374 (Wyo. 1960)). If the hearing record demonstrates ambiguities or inconsistencies that require weighing the evidence and assessing the credibility of witnesses, the trier of fact has the sole responsibility for those functions. They are not the prerogative of the reviewing court. *Matter of Goddard*, 914 P.2d at 1238; *Latimer v. Rissler & McMurry Co.*, 902 P.2d 706, 711 (Wyo.1995). In this regard, we have said, "[f]urthermore, '[w]hen the inconsistencies in the evidence and the claimant's testimony make it impossible for the hearing examiner to determine whether the accident arose out of [and] in the course of his employment, the claimant has failed to sustain his burden.' " *Matter of Worker's Compensation Claim of Thornberg*, 913 P.2d 863, 870 (Wyo.1996) (*quoting Latimer*, 902 P.2d at 711).

■ We examine the entire record to determine how well the decision of the OAH comports with these principles of law. *Pederson*, 939 P.2d at 742; *City of Casper v. Utech*, 895 P.2d 449, 452 (Wyo.1995). In addition to the historical facts set forth above, we find evidence in the record that demonstrates numerous inconsistencies between Morgan's actions and statements regarding how the injury occurred. The supervisor for Johnson Moving and Storage testified that he learned of Morgan's slip and fall for the first time at the contested case hearing. The hearing examiner found the testimony of the supervisor to be credible.

The version of the events offered by the customer service manager differs drastically from Morgan's. The customer service manager testified that at approximately 4:45 p.m., at the end of Morgan's first day, Morgan came to her office at Olsten and turned in his time card. Morgan did not report that he had injured himself or that he was experiencing pain. The next time the customer service manager heard from Morgan was June 27, 1996, when he called to report his injury. She testified, contrary to Morgan's testimony, that Morgan did not speak with her personally on that occasion. When she learned of the claimed injury, she called the supervisor at Johnson Moving and Storage to inquire if Morgan had reported anything to him or acted differently on June 25th. The supervisor told the customer service manager that no heavy lifting was involved in the tasks undertaken on June 25th and that he did not believe they did anything which might have injured Morgan's back.

The orthopedic surgeon opined that Morgan's condition was related to an injury sustained at work on June 25, 1996, but the hearing examiner found that the orthopedic surgeon's opinion was based upon the history of events related to him by Morgan. Approximately a week after the alleged slip and fall, Morgan unequivocally denied to the orthopedic surgeon that any specific episode or lift had caused the onset of the symptoms for his back pain. That history was contradictory to Morgan's testimony at the hearing when he stated that around 3:30 p.m. he slipped and fell at work while carrying boxes down some stairs. Contrary to what he told the orthopedic surgeon, Morgan testified at the hearing that he felt immediate pain, which continued from the slip and fall until he got off work an hour later. He had told the orthopedic surgeon that the pain in his

back was progressive throughout the entire day.

Morgan argues to this Court that the hearing examiner afforded too much weight to his apparent failure to mention slipping on steps when he first met with the orthopedic surgeon. He contends the evidence in the whole record does not depreciate the fact that the injury did occur at work. A review of the entire record in this case demands that deference should be given to the decision of the hearing examiner with respect to the credibility of the witnesses. Morgan's unequivocal denial to two separate physicians that any specific episode or lift caused the onset of his back pain; his failure to follow company procedures in reporting the incident; and the inconsistencies between his testimony and that of the customer service manager for Olsten and the supervisor for Johnson Moving and Storage provided a rational basis for the hearing examiner to disbelieve Morgan's testimony. It would be contrary to our principles of review of decisions of administrative agencies for us to re-weigh that evidence.

▮ Morgan also insists that his claim is supported by an uncontroverted medical opinion relating his back injury to the job. Morgan's injury did present complex medical issues, which normally would cause the finder of fact to rely upon the technical medical knowledge of an expert. *Forni v. Pathfinder Mines*, 834 P.2d 688, 693 (Wyo.1992); *Black Watch Farms v. Baldwin*, 474 P.2d 297, 299–300 (Wyo.1970) (*citing Bocek v. City of Sheridan*, 432 P.2d 893, 894–95 (Wyo.1967)). The finder of fact is not necessarily bound by the expert medical testimony, however. *Forni*, 834 P.2d at 693. It is the hearing examiner's responsibility, as the trier of fact, to determine relevancy, assign probative value and ascribe the relevant weight given to medical testimony. *Clark*, 934 P.2d at 1271 (*citing Matter of Worker's Compensation Claim of Thornberg*, 913 P.2d at 867). "The hearing examiner [is] also in the best position to judge the weight to be given to the medical evidence." *Matter of Goddard*, 914 P.2d at 1237; *Latimer*, 902 P.2d at 711. "The trier of fact may disregard an expert opinion if he finds the opinion unreasonable or not adequately supported by the facts upon which the opinion is based." *Clark*, 934 P.2d at 1271.

▮ In this case, the orthopedic surgeon's opinion was based upon the history of events related to him by Morgan. As the hearing examiner found, there were ambiguities and inconsistencies present throughout Morgan's testimony. In particular, the notes of the orthopedic surgeon from Morgan's initial visit state clearly that Morgan denied any specific episode or lift that was the onset of the back pain. Morgan's testimony at the contested case hearing specifies a fall by carrying a box of books. The hearing examiner was well within her discretion when she assigned less weight to the orthopedic surgeon's testimony. *See Clark*, 934 P.2d at 1271.

The hearing examiner, as the finder of fact, is charged with making a determination as to the credibility of the witnesses, and that determination is afforded deference by the reviewing court. Because of the inconsistencies in Morgan's testimony and the expert's reliance on information furnished by Morgan, we defer to the determination of the hearing examiner that the employee was not credible and did not sustain his burden of proof with respect to showing that his injury arose out of the course and in the scope of his employment. The hearing examiner did not abuse her discretion when, under these circumstances, she assigned less weight to the testimony of the orthopedic surgeon. In summary, our examination of the entire record satisfies us that the decision of the hearing examiner was not arbitrary, was not capricious, was not an abuse of discretion, and there was no justification for concluding that it was otherwise not in accordance with the law.

The Order Affirming Office of Administrative Hearings' Order Denying Benefits is affirmed.