**In the Matter of the Workers'
Compensation Claim of**

**Avis M. HANSEN, Appellant
(Employee–Claimant),**

**v.**

**MR. D's FOOD CENTER, Appellee
(Employer–Respondent).**

No. 91–264.

Supreme Court of Wyoming.

March 4, 1992.

Wesley A. Roberts, White, White & Roberts, P.C., Riverton, for appellant.

Richard D. Gist, Richard D. Gist, P.C., Lander, for appellee.

Before URBIGKIT, C.J., and THOMAS, CARDINE, MACY, and GOLDEN, JJ.

THOMAS, Justice.

The basic question raised in this appeal is whether there is substantial evidence to sustain worker's compensation benefits awarded by the hearing examiner. Incidental to the determination of that question is whether the decision of the district court which reviewed the order of the hearing examiner and determined that a physician's report was not admissible in the worker's compensation hearing is correct. Having determined the physician's report was not admissible, the district court concluded there was not substantial evidence to sustain the award of benefits. We hold there was substantial evidence to sustain the award of benefits without the physician's report but, in any event, in this instance, the physician's report properly was admitted. We reverse the case and remand it to the district court for entry of an order affirming the award of benefits.

In her Appeal Brief of Appellant, Avis Hansen (Hansen), the injured employee, offers only one issue. She states the issue as:

Was there substantial evidence to support the administrative law judge's

award of workers' compensation benefits to the appellant?

In the Appeal Brief of Appellee, Mr. D's Food Center (Mr. D's), the single issue is stated in this way:

Is the administrative law judge's order awarding workers' compensation benefits to appellant supported by substantial competent evidence and did the district court err by setting aside the administrative law judge's order on hearing?

This case began when Hansen reported to the Worker's Compensation Division a work-related back injury which occurred on February 27, 1987. She received benefits because of that injury. On May 24, 1988, Hansen reported a recurrence of that injury and sought further benefits. Mr. D's objected, and Hansen requested a hearing. A pre-hearing order was issued to the parties by the hearing examiner, directing them to exchange witness and exhibit lists and to file those in the record. If this actually was done, it is not reflected in the record. What the record does show is that Mr. D's was provided a copy of a letter report prepared by Hansen's physician some seven months prior to the hearing. In addition, it was established at the hearing that Hansen's claim related back to her original injury, rather than constituting a new claim or a claim for an injury that occurred over time.

During the hearing, Hansen attempted to introduce a letter from Dr. Whipp.[1] Mr.

---

1. The letter from Dr. Whipp to the Worker's Compensation Division contained this information:

We have been asked by Mrs. Hansen to try to clarify her problem with her mid back. Unfortunately, although we cannot find it in any diagnosis to Workers' Comp, there was a disability form which was appropriately filled out which contained the statement, describe any other disease or infirmity affecting the present condition, and osteoporosis was placed on this. It is certainly not the primary diagnosis nor has it ever been. I think she does have osteoporosis. This is no different than many other females in her age group who have not been on appropriate treatment for this, but I do not feel that it is related to her current condition. She had what I suspected was a disc injury with her previous injury to her low back. We felt that this did

not need any further diagnostic treatment, in other words, we purposely tried to avoid myelograms, etc. on her since we were able to treat her conservatively at that time and able to return her to work. This took a fair bit of time but I felt it was the appropriate treatment, especially in a lady in her age category. Again, we are doing the same thing again. If she does not turn the corner, then I suspect it will be necessary to obtain some films, etc., however, I think that this is a reactivation of her old injury and is related to her original Workers' Comp injury, and is not related to her osteoporosis. Again, if I am placed on the block and asked what specifically is her diagnosis, I must reiterate that we have not yet done the appropriate studies to try to document this. Again, if we are able to treat her conservatively, we will not have an unequivocable, objective diagnosis. However, I do feel

D's counsel objected, arguing that the letter was not the best evidence and it was not relevant with respect to the evidentiary burden of an employee emanating from Wyo.Stat. § 27–14–603 (1991) (this statute creates a very specific burden of proof for injuries which occur over time). It then was decided Dr. Whipp would be available for telephonic cross-examination later in the day. He was in surgery at the time of the hearing. Neither party had subpoenaed the doctor, and his deposition had not been taken. The hearing officer permitted Hansen to identify the letter from Dr. Whipp, and the letter was admitted as evidence. The hearing officer explained that admission of such a written report was the established policy under Rules of the Office of Administrative Hearings, Practices and Procedures in Contested Cases, ch. I § 17.[2] In the course of argument before the hearing examiner, counsel for Mr. D's admitted he had talked with Dr. Whipp about his conclusions sometime prior to the hearing, as Dr. Whipp had invited the parties to do in his letter. Counsel for Mr. D's also stated he wanted to cross-examine the doctor because he felt the doctor was uncertain about whether the injury was, in fact, a continuation of the previous injury for which worker's compensation benefits had been awarded, or was an entirely new injury, the source of which was not known. If Dr. Whipp was ambivalent in this regard, there certainly is no hint in his letter.

At the conclusion of the presentation of evidence by Mr. D's, counsel for Mr. D's asked to call Dr. Whipp. A ten-minute recess was declared and, thereafter, Dr. Whipp was expected to be available to testify over the telephone. The record does not explain why Dr. Whipp was not called by telephone, but he was not. The parties then presented their closing arguments, and counsel for Mr. D's made no further argument on his position about inadmissibility of the letter. Rather, they argued the letter was not sufficient evidence to fulfill Hansen's burden of proof under § 27–14–603, even though it had been established at this juncture that the referenced statute had no application to the proceedings.

■ Hansen contends there is substantial evidence to sustain the award by the hearing examiner, even if Dr. Whipp's report is not considered. We agree. Our standard of review for analysis of such a contention is well-known. *Dougherty v. J.W. Williams, Inc.*, 820 P.2d 553 (Wyo. 1991). Hansen had already established her initial claim and, although she had essentially the same burden of proof in seeking this additional award as she did in her initial award, there is no statutory requirement for medical testimony under the circumstances of this case. "[W]here injuries are so immediately and directly or naturally and probably the result of an accident, medical evidence is not essential to find a causal connection." *Colorado Fuel & Iron Corporation v. Frihauf*, 58 Wyo. 479, 135 P.2d 427, 434 (1943); *see Dougherty;* 2B Arthur Larson, *Law of Workmen's Compensation*, §§ 79.51(a)—.51(c) (1983).

■ Hansen was a 64 year-old woman who worked for a living and supported herself on a fixed income. Mr. D's contentions that Hansen had engaged in prohibited job exertion, at-home work, and other activities that caused a new injury were issues of fact to be determined by weighing the evidence pro and con. The original injury occurred when Hansen was carrying

---

that it related to her previous injury. If there are any questions, please do not hesitate to contact me.

2. Rules of the Office of Administrative Hearings, Practices and Procedures in Contested Cases, ch. I, § 17, provides:

   *Evidence.* Subject to the provisions of W.S. § 16–3–108, the judge may admit all evidence which possesses probative value, including hearsay, if it is the type of evidence upon which reasonable, prudent persons are accustomed to rely in the conduct of their serious affairs. The judge shall give effect to the rules of privilege recognized by law. Evidence which is incompetent, irrelevant, immaterial, or unduly repetitious shall be excluded. Subject to these requirements and if the interests of a party will not be substantially prejudiced, medical reports may be received in evidence provided that the moving party has, prior to trial, advised opposing counsel of its intention to offer said reports.

a 60 pound box of frozen chickens. After the injury she was prohibited, according to Mr. D's, from doing such work again. Hansen admitted she had helped a pregnant co-employee carry a box of chickens, but this event did not precipitate the recurrence of her injury. Hansen testified there were many things she did, or had to do, in the course and scope of her employment which required exertion and that no specific incident resulted in the recurrence of her back pain. There is substantial evidence to support the hearing officer's findings that the claim was grounded in the original injury. Moreover, we note in the record that a major goal of the employer was to have this employee apply for benefits under an employer-provided health and disability policy rather than for worker's compensation benefits. This may have served to undermine Mr. D's overall credibility; at least the hearing officer would have been justified in that perception.

By itself, Hansen's testimony established the connection between her injury and her work, and there was no need for corroborative medical testimony. For that reason, we are compelled to vacate the district court's order reversing the award of benefits by the hearing examiner.

It is appropriate for us to address Mr. D's contention the hearing officer erred in admitting Dr. Whipp's written report as evidence.

■ We have held that evidence which has the earmarkings of hearsay may be admitted in administrative proceedings if it has the characteristics of trustworthiness and credibility, and is the type of evidence commonly relied upon by reasonably prudent men in the conduct of their serious affairs. Wyo.Stat. § 16–3–108(a) (1990); *Story v. Wyoming State Board of Medical Examiners*, 721 P.2d 1013, 59 A.L.R.4th 1089 (Wyo.1986). We have also held that physicians' reports which merely appear in a worker's compensation claim file are not evidence: "It is the parties' duty to offer and introduce into evidence relevant materials so that they are properly in the case and may be considered by the court." *Matter of Injury to Loveday*, 711 P.2d 396, 401

(Wyo.1985); *see Matter of Jones*, 702 P.2d 1299 (Wyo.1985); *Black Watch Farms v. Baldwin*, 474 P.2d 297 (Wyo.1970). These decisions did not consider that an administrative agency may take judicial notice of materials contained in their files if that is, in fact, done on the record. *Application of Campbell County*, 731 P.2d 1174 (Wyo. 1987).

■ In this case, *Loveday, Jones*, and *Black Watch Farms* are not pertinent because the physician's letter was introduced into evidence. The employer's objection based on the best evidence rule is not sustainable, and the employer does not attempt to sustain that objection in its brief in this court. Concededly, it would be best in the context of a contested case hearing to have in-person, physician testimony presented in every instance. In many cases, however, that is neither possible nor is it necessary. The issue is not really one of "best evidence," but of whether an opportunity to confront and/or cross-examine should be available to test the meaning and credibility of the information in the letter.

Our statute contemplates the admission of this kind of evidence in a hearing. It provides that "testimony may be received in written form." Wyo.Stat. § 16–3–108(a) (1990). This statutory provision is tempered by Wyo.Stat. § 16–3–108(c), which commands that "a party may conduct cross-examinations required for a full and true disclosure of the facts and a party is entitled to confront all opposing witnesses." In accordance with the former statute, the Worker's Compensation Division's Rules and Regulations for Practice and Procedure provide that medical reports may be received in evidence, on the condition notice is given to the opposing side.

■ In none of the cases from this court, which are cited above, is a rule stated that a report, such as the one in question here, is not admissible under any circumstances. This is in consonance with the rule followed in a majority of jurisdictions generally holding that medical reports in a written form are admissible so long as "the elementary fair-play requirements of notice, timely furnishing of copies, and right of cross-examination if requested, are observed." 2B Arthur Larson, *Law of Work-*

*men's Compensation* § 79.25(c) (1983). We agree with the general rule, and recognize it as precisely that which is required by Wyoming's governing statutes, evidentiary rules, and agency regulations.

 Our review of the entire record compels a conclusion that Mr. D's had notice of Dr. Whipp's report, had a copy of that report, and was afforded the opportunity to cross-examine. We also conclude Mr. D's, after insisting upon its opportunity to cross-examine, waived that opportunity at the close of the hearing by failing to exercise it. Instead, Mr. D's simply took the position that the evidence presented by Hansen was not sufficient to sustain her burden of proof. This record would be more satisfactory if it explained why Dr. Whipp was not called to testify and if there was a forthright articulation of the waiver of cross-examination by Mr. D's. Even lacking that concrete information in the record, we are satisfied the opportunity for cross-examination was afforded, and it was waived. Under these circumstances, we find there was no error in the admission of Dr. Whipp's letter by the hearing examiner.

The case is reversed, and it is remanded to the district court with direction that the order of the district court reversing the hearing examiner be vacated and an order be entered affirming the order of the hearing examiner.