**In the Matter of the Worker's Compensation Claim of Frederick T. FORNI, Petitioner (Employee–Claimant),**

v.

**PATHFINDER MINES, Respondent (Employer–Respondent).**

No. 91–206.

Supreme Court of Wyoming.

July 22, 1992.

---

J. John Sampson, Sheridan, for petitioner.

Stephenson D. Emery, Williams, Porter, Day & Neville, P.C., Casper, for respondent.

Before MACY, C.J., THOMAS, URBIGKIT,* and GOLDEN, JJ., and ROONEY, J., Retired.

THOMAS, Justice.

The dispositive question presented by this case is whether evidence was presented to the hearing examiner sufficient to justify reopening the case of Frederick T. Forni (Forni) on the statutory ground of fraud. Beyond that threshold question, the case presents an issue with respect to whether a hearing examiner in a worker's compensation case can draw a conclusion on the issue of medical causation from circumstantial evidence that is contrary to the expert medical opinion, as well as the unrebutted testimony of the injured workman. A tertiary substantive issue relates to the justification for treatment of diabetes and depression as essential prerequisites to surgical procedures on Forni's back. The hearing examiner ruled that the evidence justified reopening of the case. He then decided that the treatment sought was for non-covered, preexistent injuries. With respect to the treatment for diabetes and depression, necessary predicates to the back surgery, he decided that the treatment was not covered.

We hold that the circumstances demonstrated in this record did not justify a reopening of the case on the statutory ground of fraud. We then rule that the hearing examiner must follow evidence, as distinguished from inferences that he

* Chief Justice at time of oral argument.

might draw from circumstances, and the evidence in this case does not support his ruling with respect to the award for treatment of the back injury. We also make it clear that this is a situation in which the ancillary treatment for diabetes and depression, necessary as requisites to the ultimate back surgery, is compensable. The decision of the hearing examiner is reversed with instructions to enter an award in favor of Forni.

Forni, as appellant, states the issues of the case in this way:

I. The administrative law judge's actions, findings, conclusions and order in denying appellant's claim are arbitrary, capricious, and an abuse of discretion, were not supported by the evidence, and are contrary to the evidence.

II. The administrative law judge's finding that the diabetes treatment required as part of the surgery [was not compensable] was arbitrary, capricious, and an abuse of discretion, was unsupported by the evidence, and was contrary to the evidence.

Pathfinder Mines (Pathfinder), as appellee, rephrases those issues in this way:

I. Whether the Administrative Law Judge's finding that Employer carried its burden to reopen the award of benefits to Claimant pursuant to W.S. 27–14–605(a) is supported by substantial evidence.

II. Whether the Administrative Law Judge's finding that Claimant failed to carry his burden of proving a causal connection between the incident of June 29, 1989, and his back injury is supported by substantial evidence.

Forni suffered an injury to his back on June 29, 1989, while he was employed by Pathfinder at its Shirley Basin mine. That injury was not immediately reported, partly because Forni was able to continue working until July 10, 1989, when he no longer could tolerate the pain. The delay in reporting also was explained in part because Pathfinder had an incentive program that rewarded employee crews which were able to go six months without a lost-time accident. If such an accident occurred, the entire crew was denied the incentive, and Forni did not want to assume the responsibility of that incentive being lost by other members of the crew.

Ultimately, Forni's injury was diagnosed as "spinal stenosis L4–5 secondary to ruptured disc and hypertrophy of ligamentum flavum." Worker's compensation benefits were paid without objection from either the Worker's Compensation Division or Pathfinder until April 16, 1990. *See* Wyo.Stat. § 27–14–601(a) (1991). On April 16, 1990, Pathfinder notified the Worker's Compensation Division that, "[a]ll claims filed by Frederick T. Forni are denied by the employer on the basis that it is our belief that medical treatment unrelated to the injury may be occurring." The question arose because Forni was treated for depression and diabetes preparatory to a surgical procedure on his back necessitated by the injury.

In a letter dated April 26, 1990, the Worker's Compensation Division advised Forni of Pathfinder's objections, and he was told, "[t]he Division will try to informally resolve this matter with your employer and will notify you of the final determination." The informal resolution was not achieved and, pursuant to an order of June 1, 1990, the matter was set for hearing before an administrative hearing officer on August 8, 1990. Subsequently, it was reset for September 6, 1990. During all of this time, Forni was recuperating from the back surgery which had been performed on January 24, 1990.

■ Prior to the actual hearing, on August 15, 1990, Pathfinder presented its petition to reopen Forni's claim relying upon Wyo.Stat. § 27–14–605(a) (1991), which provides:

(a) If a determination is made in favor of or on behalf of an employee for any benefits under this act, an application may be made to the division by any party within four (4) years from the date of the last payment for additional medical and disability benefits or for a modification of the amount of benefits on the ground of increase or decrease of incapacity due

solely to the injury, or *upon grounds of mistake or fraud.* (Emphasis added.) Pathfinder's contention was that, "as a result of fraud, misrepresentation, or other misconduct," Forni received benefits for his June 29, 1989 injury. In accordance with the same allegations, Pathfinder also requested relief pursuant to Wyo.R.Civ.P. 60(b).

The fraud allegations arise out of a question on the first page of his employment application and Forni's answer to the question. These were:

List Any Illness or Injuries For Which You Have Consulted a Doctor Within Last 5 Years.

Answer: Carpal Tunnel Syndrome and swollen elbow.

In addition, Forni completed an "EMPLOYMENT APPLICANT'S PHYSICAL QUESTIONNAIRE," in which he was asked if he had knowledge of ever having any of the following, "[h]ead, spinal or back injury or ailment." Forni's answer was "No." However, in a section of the questionnaire immediately following, and on the same page, Forni responded that he had been under a doctor's care for a lost-time industrial accident on two occasions. The closing paragraph of the application, which Forni, executed stated:

I hereby certify that the answers to the foregoing are accurate and true to the best of my knowledge and belief. I further certify I understand that if I fraudulently represent my physical condition for the purpose of obtaining employment I may be subject to dismissal from my employment by the Company, and, further, that any claim for Workmen's Compensation arising out of misrepresentation may be denied.

The dispositive question in this case is whether the decision of the administrative hearing officer to reopen the claim because of fraud is supported by substantial evidence. The findings by the administrative hearing officer on this issue were:

7. That the Claimant [Forni] was hired for employment in February of 1990 [1989 is the correct year], at which time he submitted an employment application which indicated he suffered from carpal tunnel syndrome and a swollen elbow; he specifically denied that he ever suffered from any kind of head, spinal, or back injury.

8. That the Claimant suffered from and was treated for previous back injuries or problems in August of 1984 and May of 1988.

The hearing officer denied any relief under Wyo.R.Civ.P. 60(b) because the motion was not timely filed, but he did rule that reopening was appropriate under Wyo.Stat. § 27–14–605(a), concluding:

The Employer has attempted to proceed under this provision and therefore has the burden to prove that there was mistake or fraud in the granting of any benefits to the Employee. In this regard, evidence was presented by the Employer which shows that at the time the Claimant applied for employment with the Employer he did not indicate to the Employer that he had had previous incidents and/or problems with his back. Testimony was presented by the Claimant's physicians showing that the Claimant had in fact been treated, previously in particular, for problems with his back. The Office notes that the extent of the Claimant's back problems was not fully diagnosed during these earlier treatments and the Claimant may not have been aware of any major or serious back problems. Nevertheless, the Employee was aware that he had been treated for and had some problems related to his back at the time he applied for employment with the Employer. The Claimant, therefore, failed to reveal this questionable, yet known condition to the Employer, and therefore, "inadvertently" misled the Employer. As a result, the basic issue of the nature of the Claimant's condition as it relates to his back is opened pursuant to 27–14–605 as of August 15, 1990.

The language of these findings and the conclusions is somewhat loose. Forni informed Pathfinder that he had been treated by a doctor "within the last 5 years" for carpal tunnel syndrome and swollen elbow.

The 1984 treatment alluded to by the hearing examiner was almost four and one-half years old at the time of the application. Forni testified that his recollection was that the injury was over five years old at the time he filled out the application. The hearing officer conceded that Forni may not have perceived during treatment that it was for a "[h]ead, spinal or back injury or ailment," but apparently gave no credit to Forni's testimony. During the time that he was treated for the carpal tunnel syndrome, Forni also was treated for a minor injury suffered in an automobile accident that occurred when he was a passenger in a police van. Forni said he did not include that occurrence because it was a minor strain that he didn't think fit the category and because, when he was released to return to work after the carpal tunnel surgery, his back no longer bothered him. The hearing officer found that Forni had been treated for back injuries or "problems," but Forni was not asked to reveal back "problems." He was asked to disclose any back "injury or ailment." In the ordinary course of employment concerns, these are not monumental distinctions, but the statutory requirement here is fraud.

The term "injury" has a fairly broad meaning in terms of the worker's compensation statutes, and that definition has generated no small amount of legal controversy. Wyo.Stat. § 27–14–102(a)(xi) (1991). If Forni's prior treatments were for "injuries" in the statutory sense, they necessarily would have had to have been injuries included within the worker's compensation program. A dictionary definition of "injure" is more limited, "2 a: to inflict bodily hurt on <*injured* by a falling brick> b: to impair the soundness of <your health>." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1164 (1986). The dictionary continues with this statement:

[I]NJURY, HURT, DAMAGE, HARM and MISCHIEF mean in common the act or result of inflicting on a person or thing something that causes loss, pain, distress, or impairment. INJURY is the most comprehensive, applying to an act or result involving an **impairment** or **destruction** of right, health, freedom, soundness, or loss of something of value * * *.

WEBSTER'S 1164 (emphasis added).

"Ailment" is defined as "1: a bodily sickness, disorder, or chronic disease." WEBSTER'S 45. Both of these terms connote something that is permanent or characterized by "chronic" manifestations, i.e., something that is marked by long duration or frequent recurrence over a long time. WEBSTER'S 402. We do not intend to attribute to Forni hypertechnicality in his responses, but to impress upon this area of the law that the choice of words can be very significant, especially when they are invoked to identify fraud or misrepresentation. It also is significant that Forni responded correctly to having been twice injured in industrial accidents, the thrust of that response having been ignored by Pathfinder and the hearing officer. Our conclusion is that Forni answered the rather imprecise questions encompassed by the questionnaire with a fair degree of accuracy. Moreover, witnesses for Pathfinder testified that they could not say that Forni would not have been hired had he "interpreted" the questions the way Pathfinder now says they were intended.

These circumstances do not constitute the basis for a finding of fraud. *See generally Duffy v. Brown*, 708 P.2d 433 (Wyo. 1985) (elements of fraud); Dale R. Agthe, Annotation, *Right to Unemployment Compensation as Affected by Misrepresentation in Original Employment Application*, 23 A.L.R. 4th 1272 § 4[a] (1983) (characterizations by an individual of state of health in the nature of error in judgment, not conscious wrongdoing); Anne M. Vann, Annotation, *Insured's Statement, in Application for Life or Health Insurance or its Reinstatement, that he is in Good Health, as Absolute Representation of, or Mere Statement of his Good-faith Belief in, his Good Health*, 26 A.L.R.3d 1061 § 6[b] (1969) (statement of health qualified by "to the best of my knowledge and belief" an expression of opinion not a warranty or false statement). The record does not support the conclusion of the hearing officer that the case should be reopened upon the ground of fraud.

■ Furthermore, even if one were to concede for purposes of argument that the application for employment was in error in some material respect, the concern under the statute is the obtaining of worker's compensation benefits because of fraud. The statute, given a liberal interpretation, cannot be perceived as foreclosing worker's compensation benefits that were not fraudulently obtained simply because of inaccuracies uttered in obtaining the employment. As this court said in *Woodman v. Grace Bomac Drilling*, 736 P.2d 313 (Wyo.1987), the fraud to which the statute alludes must occur in connection with the award for the injury. *See* 3 ARTHUR LARSON, LAW OF WORKMEN'S COMPENSATION, § 81.51(b) (1989). Although we conclude from our review of the evidence that there was no fraud even in connection with the original employment, we note that the waiver of worker's compensation benefits that Pathfinder attempted to enforce may, in the circumstances of this case, contravene the provisions of Article 10, Section 4 of the Wyoming Constitution. *See Horvath v. Sheridan–Wyoming Coal Co.*, 58 Wyo. 211, 131 P.2d 315 (1942).

■ Our conclusion that the fraud must occur in connection with the award makes it important to address the evidence in this case that demonstrates the causal connection between Forni's injury and the benefits. The hearing officer, among his findings and conclusions, stated:

> In considering the evidence that was presented it would appear that until the Employer further investigated this matter the Claimant's condition was a result of the injury of June 1989. However, in looking at the injury in light of the medical evidence presented in regard to the Claimant's previous back problems it appears that the Claimant's back "injury" of June 1989 cannot be related solely to the incidents which occurred on that date. In fact it appears by the very nature of the injury that the particular treatment was for the previous problems

that had not responded to conservative treatment.

There is no medical evidence in this record to support this statement. The testimony is unmistakably to the contrary. Patrick McDonald, M.D., reported that Forni suffered from a ruptured disc that was a medical problem wholly consistent with the injurious event described to him by Forni. Dr. McDonald had treated Forni twice previously and had detected no such injury on those occasions. It is true that, in response to some rather speculative, and perhaps obtuse, cross-examination, Dr. McDonald did agree "it was possible" [1] Forni could have experienced a ruptured disc in his 1988 automobile accident. However, because of the low-grade pain Forni described and his rather speedy recovery, tests (X-ray, CAT scan, MRI) that could have established, or refuted, that possibility were not indicated and were not performed, according to Dr. McDonald. In short, the treating physician's testimony was about as certain as such medical testimony can be.

We have held that medical testimony is not required if it is not essential to establish a causal connection between the accident and the injury. *Hansen v. Mr. D's Food Center*, 827 P.2d 371 (Wyo.1992). We also have held that the finder of fact is not necessarily bound by the medical evidence. *McCarty v. Bear Creek Uranium Co.*, 694 P.2d 93 (Wyo.1985). On the other hand, we have acknowledged that where a medical question is complex, and the fact finding must be done in a realm that appropriately relies upon technical medical knowledge and expertise, medical testimony should not be ignored. *Ludlow v. Wortham Machinery Co.*, 71 Wyo. 331, 257 P.2d 358 (1953). Here the medical testimony was not open to conjecture, nor was Forni's report of the accident, and the resolution of causal connection must come from this evidence. There is no evidence that

---

1. In a similar sort of cross-examination context, a physician testified it was possible to suffer a herniated disc in a fall from a motorbike. He then continued, "I can go further than that. I

think you can get it from brushing your teeth." *Bocek v. City of Sheridan*, 432 P.2d 893, 895 (Wyo.1967).

supports the conclusion of the hearing officer.

■ In addition, we feel compelled to address the payment of benefits for the treatment of depression and diabetes that was rendered immediately prior to, and in preparation for, Forni's anticipated back surgery. This is the conclusion of the hearing officer:

As far as the benefits as they relate to the Claimant's treatment for diabetes and depression. The Claimant would have required and received treatment of diabetes and depression, regardless of the condition of his back. The Office understands that the back condition could not be dealt with until such time as the diabetes and depression had been brought under control and the Claimant's health was such that the back surgery could be performed safely without concern for complications arising out of the diabetes and depression. However, the treatment and handling of these pre-existing conditions, diabetes and depression, under the Wyoming Worker's Compensation Act would result in the contributors to the fund acting as "the guarantors of the overall and continuing health of all persons who are employed in the state and covered by the Act." It would indeed be a noble endeavor for the Act to provide this kind of service to the workers of Wyoming. However, the purpose of the Act is to provide treatment for injuries which are directly related to a person's employment and not a person's general physical condition. Therefore, benefits under the Act for treatment of diabetes and depression are hereby denied.

We have espoused a rule of reason for settling such a matter:

We would discern that in the absence of specific statutory direction, a rule of reason can be applied permitting inclusion of incidental or ancillary treatment procedures appropriate or necessary for proper attention to the work related occurrence as required or suggested by the medical practitioner, but not to include a more severe condition which predates the injury.

*State ex rel. Wyoming Workers' Compensation Division v. Girardot,* 807 P.2d 926, 930 (Wyo.1991).

The *Girardot* rule should be applied here. The medical testimony explicitly supports Forni's view that the treatments afforded for his depression and diabetes were necessary, and ancillary, to his back surgery. They properly are to be paid as a part of the expenses of his back injury. Diabetes was a preexistent condition unrelated to the back injury, but Forni's insulin intake level had to be in a proper and delicate balance for a changed dietary regimen and activity level brought about by the surgery together with its associated hospital stay and recuperation period. Likewise, Forni's depression, while it was a preexistent condition, was reactivated by his injury and the accompanying problems of inability to work in constant pain. The treatments for diabetes and depression, necessary to perform the surgery and of a different type and different regimen than those required by Forni's normal life routine, are compensable as part of the expenses of his back injury.

We reverse and remand this case to the Office of Administrative Hearings for entry of an order awarding benefits that are consistent with this opinion.

ROONEY, Justice (Retired), specially concurring.

I concur with the reasoning of the majority of the court on the issues here presented. I do not, however, abandon my position in *State ex rel. Wyoming Workers' Compensation Division v. Halstead,* 795 P.2d 760 (Wyo.1990), i.e., a hearing officer cannot constitutionally act in these matters.