# IN THE SUPREME COURT, STATE OF WYOMING

## 2013 WY 17

### OCTOBER TERM, A.D. 2012

### February 8, 2013

IN THE MATTER OF THE WORKER'S
COMPENSATION CLAIM OF:

STEVE HAMPTON,

Appellant
(Petitioner),

v.                                                          S-12-0076

STATE OF WYOMING, ex rel.,
WYOMING WORKERS' SAFETY AND
COMPENSATION DIVISION,

Appellee
(Respondent).

*Appeal from the District Court of Fremont County*
*The Honorable Norman E. Young, Judge*

*Representing Appellant:*
    David M. Gosar, Gosar Law Office, Jackson, Wyoming.

*Representing Appellee:*
    Gregory A. Phillips, Wyoming Attorney General; John D. Rossetti, Deputy
    Attorney General; Michael J. Finn, Senior Assistant Attorney General; Claudia
    Lair, Legal Intern.

*Before KITE, C.J., and GOLDEN,\* HILL, VOIGT, and BURKE, JJ.*

*\*Justice Golden retired effective September 30, 2012.*

NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third.
Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building,
Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be
made before final publication in the permanent volume.

**VOIGT, Justice.**

[¶1]    Steve Hampton, the appellant, was injured in a work-related accident on December 21, 1996.  In November 2009, he was diagnosed with a labral tear in his left shoulder.  The appellant applied to the Wyoming Workers' Safety and Compensation Division (Division) for benefits, asserting that the injury was caused by the 1996 accident.  The Division denied his claim, a decision that was affirmed by both the Office of Administrative Hearings (OAH) and the district court.  The appellant now appeals that decision.  We affirm.

## ISSUES

[¶2]    1.    Was the decision of the hearing examiner to deny the appellant's request for benefits supported by substantial evidence?

2.    Was the decision of the hearing examiner to deny the appellant's request for benefits arbitrary and capricious?

## FACTS

[¶3]    On December 21, 1996, the appellant was injured in a work-related accident.  The appellant was driving a truck up a steep gradient when the vehicle's driveline suddenly gave out.  As the truck rolled backward toward the edge of a cliff, the appellant jumped out of the vehicle, landing on his left side.  The appellant applied for and received workers' compensation benefits for the injuries suffered in this accident.

[¶4]    On the day following the accident, the appellant sought treatment for pain in his ankle, knee, hip, and back.  On May 19, 1998, the appellant visited Dr. Stephen Emery to determine his impairment rating as a result of the accident.  The doctor's report noted that, although the appellant's left shoulder had decreased range of motion compared with the right shoulder, the MRI "showed no evidence of impingement or rotator cuff pathology."  Additionally, the radiology report indicated "no evidence of labral or subscapularis tendon tear."  Over the next decade, the appellant received extensive medical care, primarily related to injuries sustained to his neck, low back, and left leg and ankle and was prescribed painkillers to alleviate his discomfort.

[¶5]    In August 2009, the appellant was building a dog house with his wife when he experienced a sharp pain in his left shoulder.  The appellant testified that this sort of pain was not out of the ordinary since the 1996 accident.  Dr. Matthew Gorman treated the appellant and performed an MRI.  Unlike the 1998 MRI, this MRI used more modern technology including gadolinium contrasting.  Dr. Gorman's evaluation of the MRI indicated a labral tear of the appellant's left shoulder.  The appellant requested payment of benefits for the treatment of the labral tear from the Division.  The Division, however,

1

denied the appellant's request on November 25, 2009, determining that the current condition of the appellant's left shoulder was not due to the 1996 work-related accident. Following the appellant's appeal of that determination, the OAH affirmed that denial, which was then affirmed by the district court following an additional appeal by the appellant. The appellant now appeals the decision of the district court.

## DISCUSSION

### *Was the decision of the hearing examiner to deny the appellant's request for benefits supported by substantial evidence?*

[¶6] The substantial evidence test will be applied when this Court reviews an evidentiary matter. *Dale v. S & S Builders, LLC*, 2008 WY 84, ¶ 11, 188 P.3d 554, 558 (Wyo. 2008).

> "In reviewing findings of fact, we examine the entire record to determine whether there is substantial evidence to support an agency's findings. If the agency's decision is supported by substantial evidence, we cannot properly substitute our judgment for that of the agency and must uphold the findings on appeal. Substantial evidence is relevant evidence which a reasonable mind might accept in support of the agency's conclusions. It is more than a scintilla of evidence."

*Id*. (quoting *Newman v. State ex rel. Wyo. Workers' Safety & Comp. Div.*, 2002 WY 91, ¶ 12, 49 P.3d 163, 168 (Wyo. 2002)). In an appeal from a district court's review of an administrative agency's action "'we review the case as if it had come directly to us from the administrative agency,'" giving no deference to the district court's decision. *Id*. at ¶ 8 (quoting *Newman*, 2002 WY 91, ¶ 7, 49 P.3d at 166).

[¶7] The appellant argues that the hearing examiner's decision to deny his request for benefits for his left shoulder injury was based on speculation and was contradicted by the evidence in the record. Specifically, he argues that the hearing examiner incorrectly gave greater weight to the opinion of Dr. Kaplan, the doctor who performed the appellant's second opinion impairment rating on November 12, 2009, over that of Dr. Gorman, and that there was no evidence to support the examiner's contention that the appellant's work and recreational activities would have made the labral tear apparent long before 2009.

[¶8] As the claimant for workers' compensation benefits, the appellant had the burden of proving that his injury was caused by the work-related accident. *Anastos v. Gen. Chem. Soda Ash*, 2005 WY 122, ¶ 20, 120 P.3d 658, 666 (Wyo. 2005). To state the obvious, the Division need not prove that the injury was not the result of the accident in

question.  The appellant relied heavily, if not entirely, upon the opinion of Dr. Gorman in his argument that the hearing examiner's decision was not supported by substantial evidence.  The appellant sought Dr. Gorman's medical advice on August 28, 2009, following the sharp pain he experienced while building a dog house.  At the appellant's request, Dr. Gorman wrote a letter to the Division indicating his belief that the labral tear was a result of the 1996 accident.  His opinion is based on the fact that the earlier MRI used less modern technology, that the appellant told him he had suffered shoulder pain since the 1996 accident, and that he was unaware of any other prior injury to the appellant's shoulder.  The appellant's medical history, however, indicates that he had been treated multiple times in the late 1980s for shoulder pain related to an accident suffered in 1984.  That accident resulted in a humeral fracture of the appellant's left upper arm and caused the appellant significant pain in his left shoulder as well as diminished the range of motion of his left arm.  The doctor treating him at this time noted that shoulder surgery may be necessary down the road.  Dr. Gorman's opinion was based on his misperception that the appellant had no history of injury to his shoulder prior to the 1996 accident.

[¶9]    Both Dr. Kaplan and Dr. Gorman agree, and the evidence is clear, that the 1998 MRI did not reveal a tear in the appellant's left shoulder.  The appellant argues that tear became apparent in the 2009 MRI because of more modern technology, specifically the use of gadolinium contrast dye.  In his letter to the Division, Dr. Gorman stated "it is certainly a very realistic possibility that his labral injury could have been missed [by the 1998 MRI]."  The appellant's and Dr. Gorman's suggestion that, with the use of more modern technology, the tear could have been visible in 1998 is in no way definitive proof that the tear was a result of the 1996 accident.  The appellant's burden was to show that not only did he have a labral tear in his left shoulder in 1996, but that the tear was a result of a work-related accident.  That the 1998 MRI *may* have been inadequate to establish the presence of a labral tear at best is evidence that the tear had been undetected prior to the 2009 MRI.  This is not surprising, as all injuries are undetected until evidence proves otherwise.  This does not, however, provide the hearing examiner with sufficient evidence to determine that the tear was a result of a work-related accident.  At the most, it suggests that the tear may have occurred before 2009.  But it offers no basis to determine whether the tear occurred at the time of the 1996 accident, or earlier, for that matter.

[¶10]  Likewise, the appellant argues that the severe pain he experienced in his back and neck as a result of the 1996 accident, and the painkillers prescribed to ease that pain, masked his shoulder pain.  This argument presents the same flaws as the appellant's contention that his labral tear went unnoticed in 1998 because of a more primitive MRI.  While this may suggest that the injury remained undetected prior to the 2009 MRI, it is not substantial evidence that the tear was a result of the 1996 accident.  The appellant must show more than that the injury may have occurred prior to the 2009 MRI; he must also show that the injury was a result of a work-related accident.

[¶11] The hearing examiner was left with the judgment of Dr. Kaplan, whose opinion was contrary to that of Dr. Gorman. Based upon a physical examination of the appellant, as well as a review of his medical history, Dr. Kaplan was unable to determine that there was a causal relationship between the 1996 accident and the left shoulder labral tear. Dr. Kaplan relied upon the absence of evidence of a labral tear in the 1998 MRI and the appellant's ongoing shoulder pain and diminished range of arm motion, which predated the 1996 accident. There was substantial evidence in the record to support the hearing examiner's conclusion.

### Was the decision of the hearing examiner to deny the appellant's request for benefits arbitrary and capricious?

[¶12] The appellant argues that the OAH, in making its decision, did not sufficiently review the evidence presented and failed to support its decision with adequate findings and conclusions. To succeed, the appellant must show that the decision of the OAH was arbitrary and capricious. *Dale*, 2008 WY 84, ¶ 23, 188 P.3d at 561.

[¶13] The appellant asserts that the OAH did not make a finding regarding the credibility of the two witnesses, the appellant and his wife. Both witnesses testified that the appellant's shoulder injury was a result of the 1996 accident. Because of the conflicting opinions of Drs. Gorman and Kaplan, the appellant argues that a credibility determination was necessary. The appellant contends that this testimony alone, without accompanying medical evidence, was a sufficient basis upon which to award benefits. In making this assertion, the appellant cites our holding that "the testimony of an injured worker alone is sufficient to prove an accident if there is nothing to impeach or discredit the worker's testimony, and the worker's statements are corroborated by surrounding circumstances." *Nagle v. State ex rel. Wyo. Workers' Safety & Comp. Div*, 2008 WY 99, ¶ 7, 190 P.3d 159, 163 (Wyo. 2008). The facts of *Nagle*, however, differ significantly from those presented by the instant case. Nagle was alone when he fell in a work-related accident, and, thus, the only witness to the accident. *Id*. At issue was whether the accident did in fact occur. *Id*. On the other hand, here there is no doubt that there was a work-related accident; the matter in dispute is whether that accident is causally related to the appellant's shoulder pain.

[¶14] The appellant adds that "'[w]hen the resolution of a claim for benefits rests largely, if not exclusively, on an assessment of a claimant's credibility, a hearing examiner's failure to make findings regarding the claimant's credibility on the record renders an effective review of the order denying benefits impossible.'" *Watkins v. State ex rel. Wyo. Med. Comm'n*, 2011 WY 49, ¶ 17, 250 P.3d 1082, 1087 n.4 (Wyo. 2011) (quoting *Olivas v. State ex rel. Wyo. Workers' Safety & Comp. Div.*, 2006 WY 29, ¶ 17, 130 P.3d 476, 486 (Wyo. 2006)). In *Olivas*, the issue before the OAH was whether the appellant was actively seeking employment, a matter upon which Olivas was in the best

4

position to opine. *Olivas*, 2006 WY 29, ¶ 16, 130 P.3d at 485. But here, the resolution of the claim does not rest upon a determination of the appellant's credibility. The appellant bore the burden of establishing that the labral tear in his left shoulder resulted from the 1996 accident. He and his wife testified that he had complained of shoulder pain since 1996 and that testimony was considered by the OAH in making its determination. The appellant argues that medical testimony is not necessary to prove causation when a single incident is alleged to have caused an injury. *Gray v. State ex rel. Wyo. Workers' Safety & Comp. Div.*, 2008 WY 115, ¶ 17, 193 P.3d 246, 252 (Wyo. 2008). The law on this matter is not quite so simple. In the case upon which *Gray* relies, we said that "[i]t is only where injuries are so immediately and directly or naturally and probably the result of an accident, [that] medical evidence is not essential to find a causal connection." *Thornberg v. State ex rel. Wyo. Workers' Comp. Div. (In re Thornberg)*, 913 P.2d 863, 867 (Wyo. 1996) (internal quotation marks and citation omitted). Given the long period of time between the accident and the detection of the labral tear, as well as the fact that the appellant's medical records indicate shoulder pain prior to the accident, we cannot say that the appellant's shoulder injury was a natural consequence of the truck accident.

## CONCLUSION

[¶15] The appellant's claim for workers' compensation benefits was denied on the basis that the injury was not causally connected to a work-related accident. That decision was supported by substantial evidence. Although the appellant claimed that he experienced shoulder pain since the 1996 accident, the medical evidence indicated, at most, that the injury occurred sometime before the diagnosis in 2009. The decision to deny benefits was not made in an arbitrary and capricious manner despite the fact that the hearing examiner did not make a stated determination of the credibility of the two witnesses, the appellant and his wife. The record shows that the hearing examiner considered the testimony of the witnesses. Because of the competing medical opinions and the long time period between the accident and the detection of the injury, medical testimony was necessary to prove causation. The hearing examiner properly weighed the competing medical opinions as well as the testimony of the appellant and his wife. His decision was not made in an arbitrary and capricious manner.

[¶16] We affirm.